NO. 07-01-0455-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 3, 2003

_____

TED LLOYD LAWRENCE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 44,115-E; HONORABLE RICHARD DAMBOLD, JUDGE

_____

Before JOHNSON, C.J., REAVIS, J. and BOYD, S.J.[1]

OPINION

Appellant Ted Lloyd Lawrence appeals from his conviction by a jury for aggravated robbery. We reverse and render judgment of acquittal.

_____

[1]John T. Boyd, Chief Justice (ret.), Seventh Court of Appeals, sitting by assignment.

## BACKGROUND

Appellant was indicted for aggravated robbery for causing bodily injury to Bobby Weis, a person 65 years of age or older, during the course of committing theft of property. See TEX. PEN. CODE ANN. § 29.03 (Vernon 1994). The indictment was based on an incident of July 18, 2001.

The case was called for jury trial on October 8, 2001. On October 9th the evidence was concluded and the jury was charged only on aggravated robbery.[2] Appellant was convicted.

By four issues appellant challenges the conviction. He first challenges the legal sufficiency of the evidence to prove that the victim of the alleged bodily injury was 65 years of age or older at the time of the incident. Issues two and three, respectively, challenge the factual sufficiency of the evidence to support findings that bodily injury to the victim occurred in the course of the robbery and that appellant knowingly or intentionally caused bodily injury to the victim. Issue four urges charge error because the trial court failed to

---

[2]Neither of the parties asked for a lesser-included instruction. The State and appellant agree that we must render judgment of acquittal if the evidence is legally insufficient to support conviction of aggravated robbery. See Collier v. State, 999 S.W.2d 779, 782 (Tex.Crim.App. 1999) (plurality opinion).

2

limit the definitions of "intentionally" and "knowingly" to the conduct elements of the offense.

ISSUE 1: Legal sufficiency of evidence to
prove the victim was 65 years of age or older

As an appellate court reviewing a challenge to the legal sufficiency of the evidence, we consider all the record evidence, including direct and circumstantial, both admissible and inadmissible, in the light most favorable to the jury's verdict. We then determine if a rational jury could have found all the essential elements of the offense beyond a reasonable doubt based upon such record evidence. See Jackson v. Virginia, 443 U.S. 307, 319-20, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Johnson v. State, 967 S.W.2d 410, 411 (Tex.Crim.App. 1998). If, based on all the evidence, a reasonably-minded jury must necessarily entertain a reasonable doubt of the defendant's guilt, we are required to reverse the conviction and order a judgment of acquittal. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996).

The evidence at trial on October 8, 2001, included the following testimony by the victim, Bobby Weis, as to his age:

Q: Now, Mr. Weis, how old are you?
A: Sixty-five.

3

Bobby's brother, Byron, testified. Byron was sixty-two. Byron's testimony referenced "my older brother Bob." Other than the foregoing, Bobby's age was not the subject of any testimony or evidence.

Appellant urges that such testimony is legally insufficient proof of Bobby's age on July 18, 2001. The State maintains that the evidence is legally sufficient for a rational jury to have inferred that Bobby was 65 on July 18th.

The cases cited by the State are inapposite. For example, in Gonzalez v. State, 966 S.W.2d 804 (Tex.App.--Amarillo 1998), aff'd 3 S.W.3d 915 (Tex.Crim.App. 1999), a witness testified that she received a telephone call on the date of the crime from her mother "who was over 65" and who was the victim. And, in Reed v. State, 991 S.W.2d 354 (Tex.App.--Corpus Christi 1999, pet. ref'd), the victim testified as to his birthdate; the issue on appeal was whether evidence was sufficient to prove whether the date of the crime was before or after the victim's 14th birthday.

In the case before us, there is no evidence of Bobby Weis' birthdate or of his age on July 18, 2001. Bobby's testimony that he was 65 at the time of trial does not support an inference that he did not have a birthday between July 18th and October 8th. A finding that Bobby was 65 years old on July 18th could be based only on speculation, and thus the evidence is legally insufficient to support such a finding. See Stewart v. State, 933

S.W.2d 555, 556-57 (Tex.App.--San Antonio 1996, pet. ref'd). We sustain appellant's first issue.

CONCLUSION

Having sustained appellant's first issue, we reverse the judgment of conviction and render judgment of acquittal. See Clewis, 922 S.W.2d at 133; Stewart, 933 S.W.2d at 558, 560. Our determination of appellant's first issue is dispositive of the appeal and we will not address his remaining issues. See TEX. R. APP. P. 47.1.


Phil Johnson
Chief Justice


Publish.