

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1607-10

**DEBORAH BOWEN, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE ELEVENTH COURT OF APPEALS
### FISHER COUNTY

   **MEYERS, J.,** delivered the opinion of the Court, in which **KELLER, P.J.,** and **WOMACK, JOHNSON, COCHRAN** and **ALCALA, JJ.,** joined. **PRICE, J.,** filed a dissenting opinion, in which **KEASLER** and **HERVEY, JJ.,** joined.

### O P I N I O N

   In *Collier v. State,* 999 S.W.2d 779 (Tex. Crim. App. 1999), we held that the court of appeals cannot reform a conviction of a greater offense to a lesser-included offense unless the lesser-included offense was requested by the parties or included in the jury charge. Since the case was decided, we have had to revisit the law regarding lesser-included instructions in many cases, such as those pertaining to the reformation of

convictions,[1] which party can request the instructions,[2] and the implications of a trial court's refusal to submit requested instructions.[3] The purpose of *Collier*, which was to prevent the State from overreaching and having an unfair advantage over the defendant, has been lost through our subsequent decisions. This Court has forced itself to work around the holding, and the decision has proved to be unworkable in practice and inapplicable in many instances. We now overrule *Collier*, reverse the judgment of the Eastland Court of Appeals, and remand to the trial court for further proceedings consistent with this opinion.

## I. BACKGROUND

Appellant's father died in 2001. Her father's will established a family trust, and Appellant's mother was named as the primary beneficiary. The trust was to terminate at her mother's death, and the trust assets were to be distributed equally, per stirpes, to Appellant and her brother, Jackie. Jackie predeceased his mother, leaving three children. Appellant was appointed co-trustee in 2004. The balance of the trust at the time of appointment was $620,065. Appellant distributed the entire balance of the trust to herself when her mother died, rather than distribute one-half of the assets to Jackie's children, as

---

[1] *See, e.g.*, *Miles v. State*, 357 S.W.3d 629 (Tex. Crim. App. 2011); *Haynes v. State*, 273 S.W.3d 183 (Tex. Crim. App. 2008); *Smith v. State*, 158 S.W.3d 463 (Tex. Crim. App. 2005); *Bryant v. State*, 187 S.W.3d 397 (Tex. Crim. App. 2005).

[2] *See, e.g.*, *Grey v. State*, 298 S.W.3d 644 (Tex. Crim. App. 2009).

[3] *See, e.g.*, *Tolbert v. State*, 306 S.W.3d 776 (Tex. Crim. App. 2010); *Delgado v. State*, 235 S.W.3d 244 (Tex. Crim. App. 2007).

required by the trust provisions. Jackie's daughter, Dana White, had power of attorney to act on behalf of her two brothers. Appellant was charged with misapplication of fiduciary property owned by or held for the benefit of White for the value of $200,000 or more. TEX. PENAL CODE § 32.45(b) & (c)(7). She was convicted by a jury, sentenced to eight years in prison, and ordered to pay a fine and restitution to White and her brothers. No lesser-included offense instructions were submitted to the jury.

The Eastland Court of Appeals concluded that the evidence was legally insufficient to prove that the misapplied assets owned by or held for Dana White's benefit equaled $200,000 or more. *Bowen v. State*, 322 S.W.3d 435, 442-43 (Tex. App.—Eastland 2010, pet. granted). The court held that the terms of the trust, not the powers of attorney, controlled who owned, or for whose benefit, the trust assets were held. *Id.* at 442. Thus, White was a beneficiary of only one-sixth of the trust amount, totaling approximately $103,344. *Id.* The court of appeals, bound by *Collier*, did not reform the judgment to reflect a conviction for a lesser-included offense because a lesser charge was not submitted to the jury. *Id.* at 442-43. Instead, the court ordered an acquittal. *Id.*

The State filed a petition for discretionary review, asking us to overrule *Collier*, reverse the judgment of the Eastland Court of Appeals, and remand the case to reflect a conviction for the appropriate lesser-included offense.

## II. ANALYSIS

## A. Caselaw

In *Collier*, a plurality of this Court held that an appellate court does not have the authority to reform a judgment to reflect a conviction of a lesser-included offense if it was neither requested nor submitted in the jury charge. *Collier*, 999 S.W.2d at 785. Judge Mansfield's lead opinion, joined by three judges, was based on the rationale that allowing the reformation of judgments would encourage the State to use a "go for broke" trial strategy of not requesting a lesser-included offense instruction in order to make it more likely to obtain a conviction for the charged offense. *Haynes*, 273 S.W.3d at 185 (citing *Collier*, 999 S.W.2d at 781-82). The four-judge plurality decided that:

> A court of appeals may reform a judgment of conviction to reflect conviction of a lesser included offense only if (1) the court finds that the evidence is insufficient to support conviction of the charged offense but sufficient to support conviction of the lesser included offense and (2) either the jury was instructed on the lesser included offense (at the request of a party or by the trial court *sua sponte*) or one of the parties asked for but was denied such an instruction.

*Collier*, 999 S.W.2d at 782.

Judge Keasler's concurring opinion focused on the power of an appellate court to modify a trial court's judgment under Rules of Appellate Procedure 43.2(b) and (c).[4] The opinion notes that "the 'judgment that the trial court should have rendered' can only be a

---

[4] The court of appeals may:
. . .
(b) modify the trial court's judgment and affirm it as modified;
(c) reverse the trial court's judgment in whole or in part and render the judgment that the trial court should have rendered . . . .

TEX. R. APP. P. 43.2.

judgment that the trial court was capable of rendering . . . ." *Collier*, 999 S.W.2d at 784 (Keasler, J., concurring). Judge Keasler concluded that an appellate court cannot reform a judgment to reflect a conviction for a lesser-included offense unless the lesser-included offense was submitted to the jury. *Id.*

Nearly a decade later in *Haynes*, we determined that Judge Keasler's concurring opinion in *Collier* set out the majority holding because his opinion contained the narrowest ground upon which five judges agreed. 273 S.W.3d at 187. The narrowest ground was that "an appellate court may reform a judgment to reflect a conviction for the lesser-included offense when that lesser-included offense was submitted in the jury charge." *Id.*

### B. "Overreaching" Strategy

The rationale behind the plurality opinion in *Collier* was that, in some cases, the State "overreaches" or "goes for broke" by not requesting an instruction on a lesser-included offense in order to make it more likely to obtain a conviction for the greater offense, even if the evidence only weakly supports the more severe conviction. *Haynes*, 273 S.W.3d at 185. The holding does not consider that the defense may also have a strategic reason to not request a lesser-included offense instruction–the defense may hope for outright acquittal, rather than diminished culpability. DIX & SCHMOLESKY, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 43:47 (3d ed. 2011).

On several occasions since *Collier* was decided, this Court has considered the

implication of the State's or the defendant's strategic decision to not request a jury instruction on a lesser-included offense. The prosecution and the defense may both request the submission of a lesser-included offense instruction. The trial court may submit the instruction, but is not required to do so unless the defendant requests the instruction and sets out specific evidence that supports the lesser offense and negates the greater offense. *Flores v. State*, 245 S.W.3d 432, 439 (Tex. Crim. App. 2008).

In holding that the trial court was not required to *sua sponte* provide a lesser-included instruction, we noted that regardless of which side goes for broke, the trial court need not rescue the party from its strategic choice. *Tolbert v. State*, 306 S.W.3d at 782 (quoting *Haynes v. State*, 273 S.W.3d at 191 (Johnson, J., concurring)). Tolbert was charged with capital murder (murder during the course of a robbery) and chose not to request an instruction on the lesser-included charge of murder, despite evidence that she did not decide to rob the victim until after she murdered him, which negated the capital murder charge. *Id.* at 777.

When she appealed her capital murder conviction, Tolbert argued that, because the State unsuccessfully requested the lesser-included offense instruction, the murder instruction was "applicable to the case," and therefore the trial judge was required to submit the charge. *See id.* at 781-82. This Court compared lesser-included instructions to defensive issues, which frequently depend on trial strategy. *Id.* at 780-81.[5] A defensive

---

[5] The trial court is not required to *sua sponte* instruct the jury on potential lesser-included offenses, defensive issues or evidentiary issues because these "frequently depend upon trial

issue must be preserved on the record in order to be applicable to the case. *See id.* at 780

(quoting *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998)). Because she did not

object to the trial court's denial of the State's request, we determined that she had waived

her right to complain on appeal. *Id.* at 781 n.10 (quoting *Grey v. State*, 298 S.W.3d at

654-55 (Cochran, J., concurring)).

Although the sufficiency of the capital murder conviction was not at issue, we

pointed out that our holding in *Haynes* left open the question of whether an appellate

court could reform a judgment if a lesser-included offense was requested by either party,

but denied by the trial court. *Id.* at 782 n.12. This alludes to one of the impracticalities of

the overreaching rationale in *Collier*–the State is not "going for broke" if it requests a

lesser-included offense, but the trial court does not submit the instruction.

To contrast, in *Grey v. State*, 298 S.W.3d at 646, we examined the applicability of

the *Royster-Rousseau* test[6] to jury instructions that were prepared by the State and

objected to by the defendant. In *Arevalo v. State*, we held that the second prong of the

*Royster-Rousseau* test applies equally to requests by the State and the defendant. *Id.* at

strategy and tactics." *Delgado*, 235 S.W.3d at 249.

[6] The *Royster-Rousseau* test is used to determine if a trial judge should submit to the jury a lesser-included offense to the jury. *See Arevalo v. State*, 943 S.W.2d 887, 889 (Tex. Crim. App. 1997). The test is two-pronged:
> 1) The lesser-included offense must be included within the proof necessary to establish the offense charged.
> 2) There must me some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense.

*Id.*

645. The consequences of the rule in *Arevalo* were examined, particularly in light of our holding in *Collier*.

We noted the high risk of error that is present for prosecutors under *Arevalo* and *Collier*. *Id.* at 650. In some cases, the prosecutor has to weigh the benefits of requesting a lesser-included offense instruction and risk reversal under *Arevalo* if the submission of the instruction was given in error. *Id.* Or, the State may face reversal under *Collier* if it does not request a lesser-included offense instruction and the evidence is legally insufficient to support the greater conviction. *Id.* Because of the illogical result of this combination, we overruled *Arevalo* and determined that the State is not bound by the second prong of the *Royster-Rousseau* test. *Id.* at 645. The case demonstrates yet another instance in which this Court forced itself to work around the *Collier* holding.

Subsequent decisions by this Court and lower appellate courts have followed *Collier* and ordered acquittals in a number of cases in which there was neither a request for a jury instruction on a lesser-included offense, nor was one given by the trial court, but the evidence was legally insufficient to support a conviction of the more serious offense. In many of these cases, there was no indication that either the State or the defendant exercised gamesmanship by not requesting a lesser-included offense instruction. Thus, it is questionable if the rationale behind *Collier* applies in practice.

For example, in *Lawrence v. State*, 106 S.W.3d 141 (Tex. App.—Amarillo 2003, no pet.), the State failed to prove that the victim was at least sixty-five years of age when

the defendant was convicted of causing bodily injury to a person sixty-five years of age or older. The elements of the offense include: "(a) Intentionally, knowingly, recklessly, or with criminal negligence, (b) Caused, by action or failure to act, . . . bodily injury, (c) *To . . . person 65 years of age or older*." TEX. PENAL CODE § 22.04 (emphasis added). The State failed to prove each element of the offense and did not request that a lesser-included offense, such as assault, in contained in the jury charge. *See* TEX. PENAL CODE § 22.01. Thus, the Amarillo Court of Appeals acquitted the appellant.

Similarly, in *Haynes*, the appellant was convicted of family-violence assault, a felony. 273 S.W.3d at 184. The State failed to prove as an element of the offense that the appellant and the victim were living together in the same dwelling at the time the crime was committed. Neither the State nor the appellant requested an instruction on assault, a lesser-included offense. *See id.* at 186 n.4. In holding that *Collier* has precedential value, we rejected the State's contention that the First Court of Appeals should have reformed the trial court's judgment and entered a conviction for the misdemeanor offense of assault. *Id.* at 185-87.

### III. APPLICATION

In this case, the defendant was charged with misapplication of fiduciary property. The State must prove beyond a reasonable doubt that the defendant intentionally, knowingly, or recklessly misapplied property that she held as fiduciary in a manner that involved a substantial risk of loss to the owner of the property or to the person for whose

benefit the property was held. TEX. PENAL CODE § 32.45. The State met its burden of proof and presented sufficient evidence to support a conviction for misapplication of fiduciary property. However, the indictment listed only Dana White as the owner of the trust property, rather than White and her brothers. Although White had power of attorney on behalf of her brothers, she was not the owner of their share of the trust assets. At most, she was entitled to $103,344. Accordingly, the court of appeals held that the record was legally insufficient to support a conviction of misapplication of $200,000 or more in trust assets owned by White or held for her benefit. *Bowen*, 322 S.W.3d at 442-43.

The court of appeals, following *Collier*, reversed the trial court's judgment and acquitted Appellant. While compatible with our mandate in *Collier*, this result is unjust. Acquittal is improper because, although the State failed to prove the value of the property misapplied, which is an aggravating element of the offense, the State proved the essential elements of the offense of misapplication of fiduciary property beyond a reasonable doubt. The fact finder's determination of guilt should not be usurped in the punishment phase if the evidence is legally sufficient to support a conviction. There is no indication that either party "overreached" here. The failure to request the second-degree felony was not a result of gamesmanship by the State or Appellant, but rather a mistake as to the applicable law.[7]

---

[7] *See Grey*, 298 S.W.3d at 650-51 (discussing the implications of *Arevalo*'s application in cases in which there is a legitimate dispute about the meaning of the language of the aggravating element that distinguishes the greater and lesser offenses).

The rationale of *Collier* is unworkable here, as it has been in many other instances since the decision came down. Because of the impracticalities created by the case, we now overrule *Collier*.

Here, the State has met its burden by proving the essential elements of the offense of misapplication of fiduciary property beyond a reasonable doubt, but the amount of property shown to have been misapplied, an aggravating element of the offense, was legally insufficient to support a first-degree felony conviction. The value of the property misapplied was approximately $103,344, which supports a felony conviction in the second degree.[8] Accordingly, the judgment must be reformed to reflect a second-degree felony conviction.

## III. CONCLUSION

We overrule *Collier* and its progeny. The "overreaching" rationale behind the plurality in *Collier* does not take into account the trial strategy of both parties, it is unworkable in practice, and the decision applies only to jury trials, making it difficult to apply fairly across all cases.[9] Because *Haynes*, holding that *Collier* is binding precedent, was based in part on the same "overreaching" rationale, it is also overruled.

---

[8] TEX. PENAL CODE § 32.45(c)(6):
  "An offense under this section is a felony in the second degree if the value of the property misapplied is $100,000 or more but less than $200,000."

[9] *See* DIX & SCHMOLESKY, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 56:214 ("Where trial was to the court without a jury, there are apparently no similar qualifications on the courts of appeals power to reform.").

The conviction stands, and we reverse the judgment of the Eastland Court of Appeals. We remand to the trial court to reform the conviction to reflect the felony of misapplication of fiduciary property in the second degree and to conduct a new punishment hearing.

Meyers, J.

Delivered: June 20, 2012
Publish