

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00476-CR

Joshoa Immanuel **PEREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 19th Judicial District Court, McLennan County, Texas
Trial Court No. 2011-2093-C1
Honorable George Allen, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Karen Angelini, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  July 23, 2014

AFFIRMED

On June 21, 2013, a jury found Appellant Joshoa Immanuel Perez guilty on four counts of aggravated sexual assault of a child and two counts of indecency with a child.  The jury sentenced Perez to ninety-nine years' confinement in the Institutional Division of the Texas Department of Criminal Justice on each charge of aggravated sexual assault and fifteen years' confinement on each charge of indecency with a child.  The jury did not assess a fine.  On appeal, Perez contends the evidence is insufficient to support two counts of aggravated sexual assault of a child by digital penetration.  We affirm the trial court's judgment.

In his sole issue on appeal, Perez argues the evidence is insufficient to support the conviction for aggravated sexual assault under two counts because the child only testified as to one instance of digital penetration. We, therefore, review the sufficiency of the evidence as to Counts III and IV of the court's charge.

**SUFFICIENCY OF THE EVIDENCE**

Perez alleges the evidence is legally insufficient to prove that he committed two different offenses of aggravated sexual assault of a child by digital penetration as charged in Counts III and IV of the indictment. Perez contends the child, C.P., testified that digital penetration only occurred one time and thus, only the conviction, i.e., Count III, is supported by the evidence. Citing to *Bowen v. State*, 374 S.W.3d 427 (Tex. Crim. App. 2012), Perez argues his conviction on Count IV should be remanded for a new punishment hearing for the second degree felony offense of indecency with a child. *Id*. at 432 (permitting reformation of conviction to lesser included offense).

**A.      Standard of Review**

In reviewing the legal sufficiency of the evidence, an appellate court determines whether, viewing "all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Hardy v. State*, 281 S.W.3d 414, 421 (Tex. Crim. App. 2009); *accord Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We must defer to the jury's assessment of the credibility of the witnesses "and the weight to be given their testimony," *Brooks*, 323 S.W.3d at 899, and allow for reasonable inferences from the evidence presented. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979) (stating that "[t]he jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony" except where provided otherwise by law); *Jackson*, 442 U.S. at 319 (reiterating it is strictly the province of the jury "fairly to resolve conflicts

in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts"). In so doing, an appellate court presumes that the jury "resolved the conflicts in favor of the prosecution and therefore defer[s] to that determination." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

The key question is whether "the evidence presented actually supports a conclusion that the defendant committed the crime that was charged." *See Williams*, 235 S.W.3d at 750. Only upon a finding the evidence is legally insufficient will this court reverse the trial court's judgment and order an acquittal. *See Tibbs v. Florida*, 457 U.S. 31, 40–41 (1982). This legal sufficiency standard applies equally to both direct and circumstantial evidence. *Clayton*, 235 S.W.3d at 778; *King v. State*, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000).

**B.  Aggravated Sexual Assault of a Child**

In Counts III and IV, Perez was charged and convicted of aggravated sexual assault of a child under Texas Penal Code section 22.021. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) (West Supp. 2013) (causing "the penetration of the . . . sexual organ of a child by any means").

COUNT III
And it is further presented in and to said Court that the said JOSHOA IMMANUEL PEREZ in the County of McLennan and State aforesaid on or about the 23rd day of January, A.D. 2001, did then and there intentionally or knowingly cause the penetration of the sexual organ of [C.P.], a child who was at the time then and there younger than 14 years of age and not the spouse of the Defendant, by the Defendant's finger,

COUNT IV
And it is further presented in and to said Court that the said JOSHOA IMMANUEL PEREZ in the County of McLennan and State aforesaid on or about the 21st day of January, A.D. 2006, did then and there intentionally or knowingly cause the penetration of the sexual organ of [C.P.], a child who was at the time then and there younger than 14 years of age and not the spouse of the Defendant, by the Defendant's finger[.]

"Article 22.021 is a conduct-oriented offense in which the legislature criminalized very specific conduct of several different types." *Vick v. State*, 991 S.W.2d 830, 832 (Tex. Crim. App. 1999);

*accord Pizzo v. State*, 235 S.W.3d 711, 717 (Tex. Crim. App. 2007). The statute provides that "each separately described conduct constitutes a separate statutory offense." *Vick*, 991 S.W.2d at 833 (discussing TEX. PENAL CODE ANN. § 22.021); *accord Gonzales v. State*, 304 S.W.3d 838, 847 (Tex. Crim. App. 2010). Additionally, "'[i]t is well settled that the "on or about" language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period.'" *Sanchez v. State*, 400 S.W.3d 595, 600 (Tex. Crim. App. 2013) (quoting *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997)).

## C. Analysis

Because Perez's complaint is limited to Counts III and IV, our analysis is limited to the trial testimony related to digital penetration.

C.P. testified that she remembered waking up with Perez "on top of me." She explained that when she was living in the "white house on 24th Street," she slept in a room with her two brothers and then Perez came and stayed with them and he also shared the room with C.P. and her brothers. C.P. further testified that the abuse progressed slowly over time.

When asked by the prosecutor to describe Perez's actions, C.P. explained:

C.P.:   I remember waking up and I felt a hand inside my shorts and me looking over and I seen [Perez] with his hands inside my shorts. . . . Inside my vagina.

As Perez points out, the prosecutor attempted to clarify the allegations:

State:   So aside from—in the bed, were there other places that he would put his—other places that y'all would be together and he would put his finger inside your vagina?

C.P.:   No.

State:   Was it multiple times in the bed on 24th [S]treet?

C.P.        Except for the times that I would catch him on top of me at night, I had just—the times when I woke with him.

Perez contends the testimony only supports one offense of digital penetration. The State, however, disagrees.

The State asserts C.P.'s testimony indicates that it occurred on several occasions, and that C.P. was distinguishing between the acts of digital penetration and the times when she awoke with Perez on top of her. As further evidence of this, the State points to the testimony of Dr. Ann Simms, the physician that examined C.P. and took her oral history.

Simms:    [C.P.] told me that she had been molested from the time she was seven until she was twelve.
. . . .
She said that [Perez] had molested her from the age of seven to the age of twelve.

State:    Did she say where she was when this happened?

Simms:    She said that this uncle had been staying with them and that it happened almost every night.

We remain mindful that the sufficiency of the evidence is not destroyed by contradictions or conflicts between witnesses' testimony. *Beckham v. State*, 29 S.W.3d 148, 151 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd); *accord Lee v. State*, 29 S.W.3d 570, 574 (Tex. App.—Dallas 2000, no pet.). Instead, we are directed that conflicts in evidence, or inferences therefrom, are questions of weight and credibility that are left solely for the jury's determination. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012); *accord Jackson*, 443 U.S. at 326. Juries are permitted to make reasonable inferences from the evidence presented at trial, and circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Hooper v. State*, 214 S.W.3d 9, 14–15 (Tex. Crim. App. 2007) (concluding circumstantial evidence alone can be sufficient to establish guilt); *see also Wise*, 364 S.W.3d at 903.

When confronted with evidence raising conflicting inferences, a reviewing court must presume "'the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution.'" *Wise*, 364 S.W.3d at 903; *Clayton*, 235 S.W.3d at 778. On appeal, this court determines "'whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.'" *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011) (quoting *Clayton*, 235 S.W.3d at 778).

After a review of the record, with the appropriate deference to the jury's verdict, we conclude a reasonable jury could have found beyond a reasonable doubt the essential elements to support two distinct offenses of aggravated sexual assault of a child by digital penetration. *See Brooks*, 323 S.W.3d at 899; *Hardy*, 281 S.W.3d at 421. The jury could have reasonably interpreted C.P.'s testimony that she woke up on numerous occasions with Perez on "top of her" and other occasions with Perez penetrating her as defined in Counts III and IV.

Accordingly, we overrule Perez's sole issue on appeal.

## CONCLUSION

Having concluded the evidence is sufficient to support the jury's verdict in both Counts III and IV, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

DO NOT PUBLISH