

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. PD-0226-14

**CHARLES STOBAUGH, Appellant**

**v.**

**THE STATE OF TEXAS**

DISSENT TO REFUSAL OF DISCRETIONARY REVIEW
FROM THE SECOND COURT OF APPEALS
DENTON COUNTY

KELLER, P.J., filed a dissenting opinion in which MEYERS and KEASLER, JJ., joined.

Appellant was convicted of murdering his estranged wife. The court of appeals concluded that the State's case was "insufficient to establish the *mens rea* element of murder."[1] Because the court of appeals did not have the benefit of our opinion in *Thornton v. State*,[2] I would remand this case to that court for further proceedings in light of *Thornton*.

---

[1] *Stobaugh v. State*, 421 S.W.3d 787, 869 (Tex. App.–Fort Worth 2014).

[2] *Thornton v. State*, 425 S.W.3d 289 (Tex. Crim. App. 2014).

The court of appeals concluded that the evidence was insufficient to show that appellant possessed either of the culpable mental states required for murder, as opposed to a lesser culpable mental state that would establish a lesser-included offense:

> [T]he circumstantial evidence, even if it supports an inference that Charles did something to Kathy and that Kathy died as a result of that something, nonetheless wholly fails to provide the jury with any facts from which the jury could also reasonably infer that the *mens rea* Charles possessed when he did that something to Kathy was the *mens rea* for murder, as opposed to some other *mens rea*, such as the *mens rea* for manslaughter.[3]

In *Bowen v. State*, we held that, even when a lesser-included offense has not been requested or submitted, reformation to a lesser-included offense, rather than acquittal, may be the appropriate remedy when the evidence is insufficient to establish an element of the charged offense but is sufficient to establish every element of a lesser-included offense.[4]  In *Thornton*, we clarified that, when the lesser-included offense is one that the jury necessarily found, and the evidence is sufficient to support the lesser-included offense, reformation is not optional: The appellate court is "required . . . to avoid the 'unjust' result of an outright acquittal by reforming the judgment to reflect a conviction for the lesser included offense."[5]

In this case, the court of appeals expressly held only that the State failed to prove the culpable mental states associated with the charged offense of murder, i.e., intent or knowledge.  Despite its mention of manslaughter as a lesser-included offense that the evidence might support,[6] the appellate

---

[3]  *Id.* at 868.

[4]  *Bowen v. State*, 374 S.W.3d 427 (Tex. Crim. App. 2012).  *See also Britain v. State*, 412 S.W.3d 518 (Tex. Crim. App. 2013).

[5]  *Thornton*, 425 S.W.3d at 300.

[6]  *See* this opinion at n.3 and associated text.

court did not decide whether the evidence was sufficient to prove a lesser culpable mental state—such as recklessness or criminal negligence—that would establish a lesser-included offense—such as manslaughter or criminally negligent homicide. *Thornton* had not yet been decided at the time of the court of appeals opinion, so the court did not have the benefit of *Thornton*'s holding that reformation is required when the evidence is sufficient to establish a necessarily found lesser-included offense.

Although the court of appeals did not issue a holding on the matter, some parts of its opinion suggest that the evidence might not be sufficient to prove a culpable mental state associated with *any* criminal offense.[7] In a given case, a deficiency of proof may apply not only to the culpable mental state for the charged offense but also to culpable mental states associated with potential lesser-included offenses.[8] If the evidence is insufficient to prove the culpable mental state for even the lesser-included offenses, then an acquittal is appropriate.[9] But the court of appeals did not decide that the evidence was insufficient in this regard, and there is evidence outlined in the court's extensive opinion that may suggest that the defendant was in some way criminally responsible for the victim's death.

Even if the court of appeals was correct in its sufficiency holding with respect to the charged offense, it should decide whether reformation to a lesser-included offense is appropriate. I would

---

[7] *Stobaugh*, 421 S.W.3d at 866 (suggesting that certain evidence did not create an inference "that a murder or any wrongful conduct has occurred"), 869 (distinguishing prior case on the basis that "unlike here, there was evidence of wrongful conduct").

[8] *Britain*, 412 S.W.3d at 521-23.

[9] *Id.*

grant review on our own motion,[10] vacate the court of appeals's decision, and remand the case to that court to decide that question.

I respectfully dissent.

Filed: February 4, 2015
Publish

---

[10] *See* TEX. R. APP. P. 67.1.