ACCEPTED
03-16-00129-CR
11204692
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/17/2016 1:09:31 PM
JEFFREY D. KYLE
CLERK

No. 03-16-00128-CR & 03-16-00129-CR

# IN THE COURT OF APPEALS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/17/2016 1:09:31 PM
JEFFREY D. KYLE
Clerk

# FOR THE THIRD SUPREME JUDICIAL DISTRICT

# OF TEXAS

---

RODERICK WAYNE PRICE, Appellant

VS.

THE STATE OF TEXAS, Appellee

---

From the 450th District Court of
Travis County, Texas,
the Honorable Judge Don Clemmer, presiding

## APPELLANT'S BRIEF

Ken Mahaffey
Counsel for Appellant
P. O. Box 684585
Austin, Texas 78768
Phone & Fax (512) 444-6557
St. Bar No. 12830050
*Ken_Mahaffey@yahoo.com*

ORAL ARGUMENT REQUESTED ONLY IF STATE REQUESTS ARGUMENT

**TABLE OF CONTENTS**

IDENTITY OF JUDGE, PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF THE CASE AND SUMMARY OF ARGUMENT. . . . . . . . . 1

POINT OF ERROR. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Did the evidence show Appellant actually foresaw the risk that bodily Injury would occur when he grabbed cash from a drawer and consciously ignored that risk?**

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF SERVICE AND WORD COUNT COMPLIANCE . . . . . . . 8

## IDENTITY OF JUDGE, PARTIES AND COUNSEL

The following is a list of all parties to the trial court's final judgment and their counsel in the trial court:

| | |
|---|---|
| 1. Trial Judge: | Don Clemmer<br>450th District Court<br>P.O. Box 1748<br>Austin TX 78767-1748 |
| 2. Appellant: | Roderick Wayne Price<br>02049822<br>Garza West<br>4250 Highway 202<br>Beeville, TX 78102-8982 |
| 3. Defense Counsel: | Robb Sheppard<br>Attorney at Law<br>P.O. Box 2526<br>Austin TX 78768-2526 |
| 4. The State of Texas: | Chari Kelly<br>Travis Co. D. A.'s Office<br>P.O. Box 1748<br>Austin TX 78767-1748<br><br>Efrain De La Fuente<br>Travis Co. D. A.'s Office |

# INDEX OF AUTHORITIES

**CASES**:

**State Cases**:

*Bowen v. State,* 374 S.W.3d 427 (Tex. Crim. App. (2012).. . . . . . . . . . . . . 7

*Clinton* v. *State*, 354 S.W.3d 795 (Tex. Cr. App. 2011).. . . . . . . . . . . . . . 2

*Lane v. State*, 763 S.W.2d 785 (Tex. Crim. App. 1989).. . . . . . . . . . . . . . 6

*Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997). . . . . . . . . . . . . . 3

*Williams v. State*, 235 S.W.3d 742 (Tex. Crim. App. 2007).. . . . . . . . . . . 4, 5

**Federal Cases**:

*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781
        61 L.Ed.2d 560 (1979)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Statutes**:

Sec. 1.07 (8), Tex. Penal Code Ann. (2015). . . . . . . . . . . . . . . . . . . . . . . . 4

Sec. 29.02 (A) (1), Tex. Penal Code Ann. (2015).. . . . . . . . . . . . . . . . . . . 3

Sec. 6.03 (c), Tex. Penal Code Ann. (2015). . . . . . . . . . . . . . . . . . . . . . . . 4, 6

**Rules**:

Rule 3.03, Texas Rules of Prof. Conduct, Vol 3A,
   Tex. Gov't Code Ann. (2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Rule 43 (2), Tex. R. App. Proc. (2015). . . . . . . . . . . . . . . . . . . . . . . . . 7

## STATEMENT OF PROCEDURAL HISTORY

Roderick Wayne Price was indicted for Robbery and Evading Arrest. Both charged offenses were enhanced with prior convictions. The offenses were alleged to have been committed on May 30, 2015 in Travis County, Texas. Appellant entered a plea of not guilty to robbery and a plea of guilty to evading arrest. He also entered pleas of true to the prior convictions alleged for enhancement. After a trial before a jury, Appellant was convicted and sentenced to 40 years and 20 years, respectively. On February 10, 2015, Appellant perfected an appeal to this Court.

**STATEMENT OF FACTS**

**I. Overview.**

The record shows Appellant snatched money from a cash register at a Walgreens store in Austin, Texas and fled. He ran to a vehicle driven by another person which crashed after a high speed chase by police. Appellant fled the vehicle and was apprehended by police. Appellant pled true to the evading offense but not guilty to robbery. There were numerous felony enhancement allegations to which Appellant entered pleas of true. The case was tried with decorum by both sides and there were no significant objections to jury selection or during trial. The jury found Appellant guilty and assessed a sentence of 20 years for the enhanced evading charge and 40 years for the robbery.

**II. The Robbery Charge.**

On May 30, 2015, Quinton Taylor was working the night shift a Walgreens store in Austin, Texas. (RR5 18). Appellant entered and requested to purchase a food item less than a dollar. (RR5 26 - 27). Taylor directed him to some candy and contributed some coins from a spare change container kept by the cash register. (RR5 22, 31).

When the cash drawer opened, Appellant reached over the counter, shoving

Taylor in the process, and took cash approximately $530 from the drawer. (RR5 32, 43, 45). Taylor tried to close the drawer during this event and "tussled" with Appellant. (RR5 38). Appellant fled the store. (RR5 33, 58). This was captured on a video surveillance tape admitted without objection as State's Exhibit 1. (RR5 23 - 24).

Taylor pursued Appellant to the parking lot and observed him enter a Jeep Cherokee driven by another person. (RR5 34). The Jeep sped away. (RR5 34). Taylor then called police. (RR5 35). A recording of the 911 call was also admitted without objection. (SX 2); (RR5 35).

Taylor testified he received a scratch on his arm during the altercation over the cash drawer. (RR5 38). Taylor could not state how he received the scratch. (RR5 54). He told the 911 operator no one had been injured and no medical assistance was required. (RR5 35). Appellant did not use a weapon or make any threats. (RR5 54).

Taylor also testified that sometime later he felt like he had sprained his wrist and suffered back pain. (RR5 38). He went to an emergency center and received a split to support his wrist and a prescription for "norco." (RR5 46 - 47). Taylor stated the pain persisted for a week causing problems with his second job preparing and cutting pizza. (RR5 48).

An Austin Police Officer, Chris Megliorino, testified he observed the scratch

on Taylor's arm. (RR5 66). He further testified that both Taylor and himself "surmised" that Taylor must have struck the edge of the counter during the incident. (RR5 72). Megliorino testified that this was the most logical way in which this could have occurred. (RR5 72).

Medical records admitted at trial contain a narrative that Taylor complained of back and wrist pain as a result of robbery where the person ". . . pushed him and he hit his back against the cash register." (SX 36; RR7 82). When Appellant was arrested after fleeing the scene he was found with $532.00 dollars. (RR5 117 - 118). The issue in this appeal is whether Appellant had the proper mental state to anticipate that a bodily injury would occur when he reached forward to take the money from the cash register.

## III. Evading.

Appellant entered a plea of guilty to the charge of evading arrest. (RR5 8). As a result, this Statement of Facts will give only a brief outline of those events. Testimony and video evidence shows police located the Jeep shortly after the Walgreens incident and pursued it with lights and sirens. (RR5 79 - 80; SX 19). After a chase with speeds as high as 80 miles per hour, the Jeep overturned. (RR5 101; SX 19). Appellant climbed out of the rear passenger side and fled on foot. (RR5 85). The

driver and other passenger were injured in the wreck and did not leave the scene. (RR5 89 - 90). Officers apprehended Appellant nearby after a foot chase. (RR5 86).

There were no objections to the jury charge but trial counsel obtained a lesser included offense charge on the offense of theft. In a motion for directed verdict, trial counsel raised the issue of reckless mental state concerning whether the risk of bodily injury from Appellant's act of grabbing the money from the cash drawer and fleeing was foreseeable. (RR5 126 -127). That is the only issue in this appeal.

## IV. Punishment Evidence.

Appellant entered pleas of true to a number of prior felony convictions. These included the following:

- four thefts
- robbery
- three burglaries of a building; and
- evading arrest

(RR6 46 - 50). Appellant called two family members who testified he had a long term drug problem that was never addressed during his numerous incarcerations. (RR6 52 - 79). The jury assessed punishment at 20 years for felony evading arrest and 40 years for robbery. (RR6 80). Appellant requested an appeal and new counsel was appointed. (CR 90, 100).

RODERICK WAYNE PRICE, Appellant

VS.

THE STATE OF TEXAS, Appellee

**APPELLANT'S BRIEF**

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW Roderick Wayne Price, Appellant, through counsel, Ken Mahaffey, and respectfully submits this Brief.

**STATEMENT OF THE CASE AND SUMMARY OF ARGUMENT**

Appellant submits the record supports finding that he committed a simple theft rather than robbery. Robbery requires the actor consciously disregard a substantial risk that bodily injury will result from his actions. The record does not support a finding that he foresaw that his actions of grabbing cash from the register and fleeing could result in such injury. Appellant now respectfully tenders this brief on appeal.

1

## POINT OF ERROR

**Did the evidence show Appellant actually foresaw the risk that bodily injury would occur when he grabbed cash from a drawer and consciously ignored that risk?**

## ARGUMENT AND AUTHORITIES

### I. Introduction.

The record shows Appellant grabbed money from a cash register and fled. The store clerk testified he received a scratch on his arm from the incident but was unable to identify how it happened. An investigating officer stated the most likely cause of the scratch was the clerk's contact with the counter during the incident. As argued at trial, the issue here is whether this record shows Appellant had the culpable mental state of recklessness concerning the risk of bodily injury when he took the money.

### II. Standard of Review.

A conviction may be reversed for legally insufficient evidence. *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Sufficiency review consists of two steps. *Clinton* v. *State*, 354 S.W.3d 795, 799 (Tex. Cr. App. 2011). First, the reviewing court determines "the essential elements of the crime" which must be proved for conviction. *Id.* Second, the court examines in the record in the light most favorable to verdict to determine whether any rational trier of fact

2

could have found the essential elements of the offense beyond a reasonable doubt. *Id.*; *see also Jackson*, 99 S.Ct. at 2789.

The "essential elements of the crime" are determined in relation to a "hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* The necessary proof is defined by "the statutory elements of the offense . . . as modified by the charging instrument." *Id.*

## III. Elements of the Offense.

Appellant was convicted of robbery under Sec. 29.02 (A) (1), Tex. Penal Code Ann. (2015). This statute, in relevant part, defines the offense as follows:

> (a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:
>
> > (1) intentionally, knowingly, or recklessly causes bodily injury to another . . .

*Id.* As a result, theft becomes robbery when the person causes bodily injury with the requisite mental state. *Id.* Here, the indictment and jury charge authorized the jury

3

to find Appellant guilty if he acted recklessly. (CR 15, 72).

## IV. Reckless Requires Proof the Actor Disregarded a "Substantial and Unjustifiable Risk."

Section 6.03 (c), Tex. Penal Code Ann. (2015), defines "reckless" as follows:

(c) A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

*Id*. As argued at trial, (RR5 126 -127), Appellant submits that there is insufficient evidence that, when viewed from his standpoint, he consciously disregarded a risk of bodily injury when he took the money from the cash register and ran.

## V. Definition of Bodily Injury.

"Bodily injury" is defined in Sec. 1.07 (8), Tex. Penal Code Ann. (2015), as follows: "'Bodily injury' means physical pain, illness, or any impairment of physical condition." *Id*. To prove ". . . recklessness requires the defendant to actually foresee the risk involved and to consciously decide to ignore it." *Williams v. State*, 235 S.W.3d 742, 750 - 751 (Tex. Crim. App. 2007). Appellant submits that the evidence does not support a finding that his act of grabbing money and running away involved

4

an awareness that bodily injury could occur from his actions.[1]

Section 6.03 (c), Tex. Penal Code Ann. (2015), defining "reckless" requires that the results of one actions must be consciously disregarded at or before the time the event occurred. *Williams v. State*, 235 S.W.3d 742, 750 - 751 (Tex. Crim. App. 2007). The record shows that even the clerk himself did not know exactly how any injury occurred supporting a finding that it was not a foreseeable risk from appellant's actions. (RR5 35)(told 911 no one injured); (RR5 54)(did not know how he got the scratch). Moreover, the record shows any injury most likely occurred when the clerk struck the counter while trying to stop Appellant from taking the money. (RR5 72) (investigating officer testified he and complainant surmised any injury occurred by contact with the counter). As argued at trial, the injuries were not foreseeable from that act of grabbing the money and running away. (RR5 126 - 127).

## VI. Disclosure of Contrary Authority.

It is important to candidly disclose contrary authority to the court. *See* Rule 3.03, Texas Rules of Prof. Conduct, Vol 3A, Tex. Gov't Code Ann. (2015)(duty of

---

[1] Counsel does not want to mis-represent the record. The record clearly supports a finding of bodily injury. (RR5 38)(clerk received scratch and described wrist and back pain after tussle). The only issue raised here is whether, from Appellant's standpoint, that an unjustifiable risk of such injury was apparent to him from his actions of grabbing the cash and running away.

counsel to inform court of contrary authority). While the facts are different, the Court should be made aware of *Lane v. State*, 763 S.W.2d 785 (Tex. Crim. App. 1989). In this case, the Court considered a case where the actor struggled with a victim who did not let go of a wallet and sustained a bruise to her wrist. *Id*. at 786. The Court of Appeals found there was insufficient evidence because the record did not show any actual contact with the victim. *Id*. The Court of Criminal Appeals reversed because the record showed the actor actually grasped the fingers of the victim and twisted her wrists during the struggle showing an awareness that bodily injury could occur. *Id*.

Appellant submits that the record here shows only a grab for the cash and incidental contact with the clerk. Unlike *Lane*, *supra*, such actions do not demonstrate an awareness that a substantial and unjustifiable risk existed that the clerk could be injured.

## VII. Conclusion.

The evidence does not show that bodily injury was a recognizable risk from Appellant's standpoint where he simply snatched cash from a drawer and ran away. *See* Sec. 6.03 (c), Tex. Penal Code Ann. (2015). This was a simple theft not a robbery. Since the requisite mental state of recklessness has not been shown, the judgment should be reformed to show a conviction for the lesser included offense of

theft. Rule 43 (2), Tex. R. App. Proc. (2015)( appellate courts authorized to modify trial court judgments); *Bowen v. State,* 374 S.W.3d 427, 428 (Tex. Crim. App. (2012) (may reform judgment to reflect a lesser-included offense supported by the record). Appellant does not claim he committed no offense, only that he was convicted of a more serious offense than the record reflects. This Court should reform the judgment.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that the judgment of conviction for robbery be reversed, the judgment reformed to reflect a conviction for theft and the matter be remanded to the trial court for a new hearing on punishment.

Respectfully Submitted,

*Ken Mahaffey*

Ken Mahaffey
Counsel for Appellant
P.O. Box 684585
Austin, Texas 78768
Phone & Fax (512) 444-6557
St. Bar. No. 12830050
*Ken_Mahaffey@yahoo.com*

7

**CERTIFICATE OF SERVICE AND WORD COUNT COMPLIANCE**

The above signature certifies that on June 17, 2016, this document was sent by electronic service to the Travis County D.A.'s Office, P.O. Box 1748, Austin TX 78767-1748 and to Roderick Wayne Price, 02049822, 4250 Highway 202, Beeville, TX 78102-8982. The above signature also certifies that this document contains 2796 words in compliance with Rule 9.4, Tex. R. App. Proc. (2016)(not to exceed 15,000 words).