

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00023-CR

**JUSTIN RAY HOLLOWAY,**

                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                        **Appellee**

---

### From the 361st District Court
### Brazos County, Texas
### Trial Court No. 13-04147-CRF-361

---

## MEMORANDUM OPINION

---

Justin Holloway appeals from a conviction for the offense of burglary of a habitation with the intent to commit theft. TEX. PENAL CODE ANN. § 30.02 (West 2011). Holloway complains that the trial court erred by failing to include a lesser-included offense of criminal trespass in the jury charge and that he received ineffective assistance of counsel. Because we find no reversible error, we affirm the judgment of the trial court.

### JURY CHARGE ERROR

Holloway complains that the trial court abused its discretion by refusing to include

a lesser-included offense in the jury charge. In the indictment, Holloway was alleged to have "intentionally or knowingly enter[ed] a habitation without the effective consent of Jane Doe or Corey Heitzman, the owner thereof, and attempted to commit or committed theft of property, to wit: a phone owned by Jane Doe or photographs contained on a computer owned by Jane Doe." Holloway requested the inclusion of the lesser-included offense of criminal trespass, which the trial court refused.

In determining whether a charge on a lesser-included offense is required, we apply the two-step analysis set forth in *Rousseau v. State*. *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); *see also Feldman v. State*, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002). Under the first prong of *Rousseau*, Holloway must establish that the lesser-included offense is included within the proof necessary to establish the charged offense. TEX. CODE. CRIM. PROC. ANN. art 37.09 (West 2006); *Feldman*, 71 S.W.3d at 750; *Rousseau*, 855 S.W.2d at 672. Second, the record must include some evidence that would permit a jury to rationally find that, if guilty, Holloway is guilty only of the lesser-included offense. *Feldman*, 71 S.W.3d at 750; *Rousseau*, 855 S.W.2d at 672.

In the first prong, we compare the elements of the offense, as charged in the indictment or information, with the elements of the asserted lesser-included offense. *State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013); *Hall v. State*, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007). Texas follows the "cognate-pleadings approach," which requires the court to compare the elements of the offense as alleged in the indictment

with the elements of the potential lesser-included offense. *See Hall*, 225 S.W.3d at 535-36; *see also Bowen v. State*, 374 S.W.3d 427, 431 (Tex. Crim. App. 2012). An offense is deemed a lesser-included offense of another offense if the indictment for the greater-inclusive offense alleges either: (1) all of the elements of the lesser-included offense; or (2) elements plus facts from which all of the elements of the lesser-included offense may be deduced. *Meru*, 414 S.W.3d at 162. This first prong of the *Rousseau* test is a question of law and does not consider the evidence adduced at trial. *Hall*, 225 S.W.3d at 535.

If, in our analysis of the first prong of *Rousseau*, we determine that the requested lesser offense qualifies as a lesser-included offense, then we address the second prong and determine "whether a rational jury could find that, if the defendant is guilty, he is guilty only of the lesser offense." *Meru*, 414 S.W.3d at 162-63. In this second prong of *Rousseau*, we consider whether the evidence presented at trial raised a fact issue about whether Holloway was guilty of only the lesser offense. *Id*. at 163. If so, then a lesser-included-offense instruction should have been given. *Id*. But, if our analysis under the first prong of *Rousseau* shows that the requested lesser offense does not qualify as a lesser-included offense, we need not proceed to the second prong. *Id.* at 164.

In *Meru*, the Texas Court of Criminal Appeals held that, as a general rule, criminal trespass will not be a lesser-included offense of burglary because trespass requires proof of a greater intrusion on the complainant's property than burglary does. *Id.* at 163-64. "Entry" for purposes of criminal trespass requires "intrusion of the entire body," while

"entry" for purposes of burglary requires only a partial intrusion by any part of the body or physical object connected with the body. *Id*. at 163. As a result, trespass qualifies as a lesser-included offense of burglary only if "the indictment alleges facts that include the full-body entry into the habitation by the defendant." *Id*. at 164. Because the indictment in *Meru* did not "allege[] facts that include the full-body entry into the habitation by the defendant," criminal trespass was not a lesser-included offense of burglary. *Id.*

Like the indictment in *Meru*, Holloway's indictment does not allege any specifics regarding the manner in which he entered Heitzman and Doe's residence, i.e., whether the entry was full or only partial. And, under the cognate-pleadings approach, we may not look to the evidence presented at trial to determine the issue. *See id*. at 162 (stating that first step of *Rousseau* analysis "is a question of law that does not depend on the evidence presented at trial"). Thus, we conclude that in this case, as in *Meru*, criminal trespass is not a lesser-included offense of burglary. Having determined that Holloway does not meet the first prong of the *Rousseau* test for lesser-included offenses, we need not address the second prong. *See Meru*, 414 S.W.3d at 164.

Under *Almanza v. State*, we review a claim of reversible jury charge error by first determining whether there was an error in the charge. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985); *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). Because we have determined that, in this case, criminal trespass is not a lesser-included offense of burglary, the trial court was not required to include it in the charge, and

therefore, there was no error in the jury charge on this basis. *See Barrios*, 283 S.W.3d at 353. We overrule issue one.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, Holloway complains that he received ineffective assistance of counsel because his trial counsel relied on an invalid defense and failed to present evidence regarding joint ownership of the cell phone and laptop that were alleged to have been the basis of the theft allegations.

To prevail on a claim of ineffective assistance of counsel, Holloway was required to show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 669, 104 S. Ct. 2052, 2055-56, 80 L. Ed. 2d 674 (1984); *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). It is Holloway's burden to establish both prongs by a preponderance of the evidence; failure to make a showing under either prong defeats a claim for ineffective assistance. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011); *see Mitchell*, 68 S.W.3d at 642.

Under the second prong of *Strickland*, Holloway had to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010) (*quoting Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068). "The likelihood of a

different result must be substantial, not just conceivable." *Harrington v. Richter*, 131 S. Ct. 770, 792, 178 L. Ed. 2d 624 (2011).

Our review of the record shows that Holloway has not met his burden to show that there is a reasonable probability that the result would have been different by a preponderance of the evidence. As Holloway acknowledges in his brief to this Court, "[t]he uncontroverted evidence established that appellant entered Heitzman's home without Heitzman's consent and removed Doe's property." Even if we were to find that the first prong of *Strickland* had been met, which we do not, we do not find that Holloway has met his burden to establish the second prong and therefore, his second issue relating to his claim of ineffective assistance of counsel is overruled.

## CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed November 15, 2017
Do not publish
[CR25]

