

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0003-13

**BOBBY GLENN CANIDA, APPELLANT**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### LAMAR COUNTY

**MEYERS, J., delivered the opinion for a unanimous Court.**

## O P I N I O N

Bobby Glenn Canida, Appellant, was convicted by a jury of manufacturing methamphetamine in an amount of more than one gram but less than four grams. He was sentenced by the court to eighty years' imprisonment after pleading true to the two prior convictions in the State's enhancement paragraph. Appellant appealed, arguing that the evidence was insufficient to support his conviction. The court of appeals agreed, finding the evidence legally insufficient to demonstrate that he manufactured more than one gram of

methamphetamine and entered a judgment of acquittal. *Canida v. State*, 387 S.W.3d 668, 669 (Tex. App.–Texarkana 2012). We granted the State's petition for discretionary review to determine whether the court of appeals should have reformed the conviction to the lesser-included offense of attempted manufacturing rather than rendering a verdict of acquittal.

**FACTS**

In early 2011, Appellant's name "popped up" in the database of pseudoephedrine purchases made at pharmacies within Lamar County. Based on an investigation, narcotics investigator Anson Amis obtained a search warrant for Appellant's residence, which consisted of a camper that he lived in, a shed, and a home that his mother lived in. Amis testified that he found the following items during the search: rubbing alcohol, batteries, used and unused coffee filters, a glass jar, Epsom salt, two boxes of ephedrine medicine totaling 30 tablets, an empty Gatorade bottle, digital scales, syringes, a large Ziploc containing "a bunch of smaller Ziploc bags," a police scanner, and a barrel that contained the burned remnants of hot and cold packs, containers of lighter fluid, batteries that had been cut and taken apart, the packaging from ephedrine medicine tablets, and foil. Amis testified that each of these specific items can be used in the manufacture, use, or sale of methamphetamine. A lime-salt container that tested positive for an "unknown quantity" of methamphetamine was also found. None of the other items, however, were tested for the presence of narcotics, and no items were fingerprinted. Amis also testified that some of the ingredients necessary to make methamphetamine, such as lye, sulfuric acid, and

muriatic acid, were not found during the search.

Appellant was arrested and interviewed. During the interview, which was played for the jury, Appellant explained to officers how to make methamphetamine using the "shake and bake" method, something he admitted to doing in the recent past. He also admitted to using methamphetamine by injecting himself with syringes, and needle marks were found on his body.

At trial, in addition to Amis, the State also called a qualified expert in the manufacture, delivery, and possession of narcotics. This expert testified that a person could make one to two grams of methamphetamine with the quantity of pseudoephedrine found at Appellant's residence.

The only witness called by the defense was Appellant's mother. She was present when the search warrant was executed and testified that she gave police permission to search the shed on the property. She also testified on cross-examination that Appellant had a prior conviction for manufacturing methamphetamine.

Neither party requested an instruction on any lesser-included offenses, and no such instruction was given. The jury found Appellant guilty of violating Texas Health and Safety Code Section 481.112(b) by manufacturing methamphetamine in an amount of more than one gram but less than four grams. Appellant elected for the trial judge to assess punishment, and the court sentenced him to eighty years' imprisonment.

## THE COURT OF APPEALS

On appeal, Appellant argued that the evidence was insufficient to support his conviction. The court of appeals determined that, because the items recovered indicated the operation of a methamphetamine laboratory and Appellant admitted to manufacturing in his interviews, "a rational trier of fact could have found that Canida was engaged in the manufacture of methamphetamine." *Canida*, 387 S.W.3d at 672. However, the court went on to point out that the State was also required to prove that between one and four grams of methamphetamine were produced. *Id*. This means that the defendant must have been manufacturing methamphetamine at the time of his arrest and that the aggregate weight of the substance was shown to be at least one gram and less than four grams. *See Goff v. State*, 777 S.W.2d 418, 420 (Tex. Crim. App. 1989). Because some of the key ingredients to make methamphetamine were not found in the search of Appellant's home, only an unknown quantity of the drug was detected on the lime-salt container, and Appellant never admitted to producing any certain amount of the drug, the court held that the State did not meet its burden of proving that the quantity of methamphetamine actually exceeded one gram. *Canida*, 387 S.W.3d at 672-73. Determining the evidence legally insufficient to affirm the conviction, the court entered an acquittal. *Id*. at 673.

## ARGUMENTS OF THE PARTIES

The State filed a petition for discretionary review, arguing that the court of appeals should have reformed the judgment to a conviction on a lesser-included offense rather

than entering an acquittal. The State bases this argument on our decision in *Bowen v. State*, 374 S.W.3d 427 (Tex. Crim. App. 2012), in which we held that a reformation of a conviction rather than an acquittal was the proper remedy. The State contends that the evidence in this case was sufficient to prove the lesser-included offense of attempted manufacturing of methamphetamine, that the court should have reformed the conviction to attempt, and that the case should have then been remanded to the trial court for a new hearing on punishment.

Appellant argues that *Bowen* does not apply to this case. He asserts that *Bowen* should control only in cases where the court of appeals could reform the judgment to reflect a conviction for the same offense but of a lesser degree. Because attempted manufacturing of methamphetamine is a different offense than manufacturing and not simply a lesser degree of it, Appellant contends that *Bowen* is not applicable. Appellant also suggests that *Bowen* should not be applied because the complicated legal issues that led to the State's mistake of applicable law and the subsequent conviction in *Bowen* are not present in this case.

In the alternative, Appellant argues that *Bowen* was incorrectly decided and that we should reconsider our holding.

### DISCUSSION

In *Bowen*, the defendant was charged with and convicted of the first-degree felony offense of misapplication of fiduciary property with a value of $200,000 or more. *Id*. at

428. Bowen had been appointed co-trustee of a family trust with a balance of $620,065, but upon her mother's death, she distributed the entire amount of the trust to herself instead of half of the amount to her brother's three children, as the trust required. When the State charged her, however, the indictment incorrectly listed only one of the children as the owner of the entire half of the trust property that Bowen misappropriated. In reality, that child owned only a one-third share of that portion of the trust, but had power of attorney to act on behalf of her siblings, the beneficiaries of the other two thirds. Therefore, even though she did not have ownership of those shares, the State added them into its calculation of the value of her property that Bowen misappropriated. No lesser-included-offense instructions were submitted to the jury and Bowen was convicted. Bowen appealed her conviction and the court of appeals held that the terms of the trust, rather than the powers of attorney, controlled ownership of the trust assets. *Id*. Because the actual value of the trust property owned by the one child was only $103,344, the court concluded that the evidence was legally insufficient to prove that the misapplied property had a value over $200,000. Bound by our prior decision in *Collier v. State*, 999 S.W.2d 779 (Tex. Crim. App. 1999), the court ordered an acquittal. *Id*. at 428-29.

On appeal, we determined that reformation of the conviction to a lesser offense, rather than acquittal, was the appropriate remedy for multiple reasons. *Id*. at 432. First, under Texas Penal Code Section 32.45(c), the value of the misappropriated fiduciary property is only an "aggravating element" that operates to determine the degree of the

offense.[1] We found that, although this "aggravating element" was not proven, the State

did prove all of the "essential elements" of the offense beyond a reasonable doubt. *Id*.

Because the fact finder's determination of guilt should not be usurped at the punishment

phase "if the evidence is legally sufficient to support a conviction," we determined that it

was necessary to permit reformation of convictions to lesser-included offenses that had

not been requested or included in the jury charge. Therefore, because the "essential

elements" of the offense had been proved beyond a reasonable doubt, we held that the

judgment against Bowen should be reformed to a second-degree conviction of

misapplication of fiduciary property. *Id*.

On April 2, 2014, we rendered our opinion in *Thornton v. State*, 425 S.W.3d 289

(Tex. Crim. App. 2014), which clarifies the holding of *Bowen*. In *Thornton* we held that:

> [A]fter a court of appeals has found the evidence insufficient to support an
> appellant's conviction for a greater-inclusive offense, in deciding whether
> to reform the judgment to reflect a conviction for a lesser-included offense,
> that court must answer two questions: 1) in the course of convicting the
> appellant of the greater offense, must the jury have necessarily found every
> element necessary to convict the appellant for the lesser-included offense;
> and 2) conducting an evidentiary sufficiency analysis as though the
> appellant had been convicted of the lesser-included offense at trial, is there
> sufficient evidence to support a conviction for that offense? If the answer to
> either of these questions is no, the court of appeals is not authorized to
> reform the judgment. But if the answers to both are yes, the court is
> authorized–indeed required–to avoid the "unjust" result of an outright
> acquittal by reforming the judgment to reflect a conviction for the lesser-
> included offense.

---

[1]Misapplying property with a value of $200,000 or more is a felony of the first degree. If the misapplied property has a value between $100,000 and $200,000, as it did in *Bowen*, the offense is a felony of the second degree.

*Id*. at 299-300. Because it was decided so recently, neither the State, the appellant, nor the court of appeals have had the benefit of our decision in *Thornton*. Therefore, we will remand the case to the court of appeals to consider the issue in light of *Thornton*.

## CONCLUSION

The proper disposition of this case is to remand it to the court of appeals for consideration of whether *Thornton* mandates reformation of the conviction or if an acquittal was correct. Therefore, the case is remanded to the court of appeals for consideration of this issue.

Delivered: June 25, 2014

Publish