CONCURRING OPINION
Bailey C. Moseley
Justice, concurring
The elephant in the courtroom here (and the matter barely touched upon by the majority opinion) is the good-faith exception to the exclusionary rule. In its brief and during oral argument, the State relied almost exclusively on the alleged existence of exigent circumstances to exculpate it from the need to obtain a search warrant before having taken a sample of Cole’s blood.
Until the United States Supreme Court issued its ruling in Missouri v. McNeely, — U.S. -, 133 S.Ct. 1552, 185 L.Ed.2d 696 (2013), many judges and most law enforcement agencies in Texas believed that implied consent laws relieved authorities of the need to obtain a search warrant for a blood draw when there was intoxication of a driver on a public roadway suspected and the suspected miscreant refused to provide a breath-test specimen. If we are to be candid, we will recognize that the genuine reason that the police department did not promptly seek a search warrant to draw a sample of Cole’s blood likely had nothing to do with the severity of the situation or the lack of idle police officers who would have been available to seek a search warrant; rather, the police, relying on the implied consent laws of Texas, did not believe that such a warrant was required.
Even though the good-faith exception to the exclusionary rule was not strongly argued by the State, it is not necessary for the State to raise an issue at either the trial court level or at the court of appeals level if it elects not to do so; it may raise it for the very first time when presented to the Texas Court of Criminal Appeals. See Canida v. State, 434 S.W.3d 163 (Tex.Crim.App.2014). Although the State did not raise this argument at trial and only touched on it at the appellate level, we may address it. See McClintock v. State, 444 S.W.3d 15 (Tex.Crim.App.2014) (holding that State may raise good-faith excep *105 tion to exclusionary rule at any time provided it was prevailing party at trial). Therefore, I think it wise for us to demonstrate that our Court has considered the potential application of the good-faith exception to the exclusionary rule.
The exclusionary rule is not found anywhere in the United States Constitution. Rather, it is a court-mandated remedy for violations of the Fourth Amendment wherein the United States Supreme Court held that “all evidence obtained by searches and seizures in violation of the Constitution is, by that same authority, inadmissible in a state court.” Mapp v. Ohio, 367 U.S. 648, 655, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). “The exclusionary rule was fashioned as a sanction to redress and deter overreaching governmental conduct prohibited by the Fourth Amendment.” Davis v. Mississippi 394 U.S. 721, 724, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969). The exclusionary rule is a “last resort” sanction designed to deter police misconduct. Davis v. United States, — U.S. -, 131 S.Ct. 2419, 2427, 180 L.Ed.2d 285 (2011).
The determination by the United States Supreme Court in McNeely that the implied consent laws of the states did not work to abrogate the necessity of obtaining search warrants for blood draws came as a surprise to many in the law enforcement community. McNeely, — U.S. -, 133 S.Ct. 1552. The majority has said, “New rules for the conduct of criminal prosecutions apply retroactively to all cases pending on direct appeal or not yet final at the time the new rule is announced regardless of whether they constitute a clear break from past precedent” and cites cases to prove that point. An exception to this general rule is the good-faith exception.
The United States Supreme Court (looking back to the original purpose of using the exclusionary rule to deter intentional or reckless disregard of Constitutional protections under the Fourth Amendment) has held that when the police act with an objectively “reasonable good-faith belief’ that their conduct is lawful, or when their conduct involves only simple, “isolated” negligence, the deterrence rationale loses much of its intended force, having the result that the exclusionary rule cannot “pay its way” by insuring compliance with Constitutional safeguards. Davis, 131 S.Ct. at 2427-28. Therefore, under the circumstances of the good-faith belief as mentioned, there is a valid exception to the exclusionary rule mandated for the enforcement of United States constitutional Fourth Amendment protections.
However, despite that commonly-held belief that Texas’ implied consent law provided cover to circumvent the necessity of obtaining a search warrant, it appears that this wide belief was not the law in Texas anyway. The Texas good-faith exception is much more limited than that announced by the federal courts.
Unlike the federal, judge-made exclusionary rule, the Texas good-faith exception is a statutory rule that provides an exception to the exclusion of unlawfully obtained evidence only if the law enforcement officer was “acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause.” Tex.Code Crim. Proc. Ann. art. 38.23(b) (West 2005); see Douds v. State, 434 S.W.3d 842, 861 (Tex.App.-Houston [14th Dist.] 2014, pet. granted) (en banc). The Texas “Court of Criminal Appeals has previously rejected an effort to broaden the [Texas] good-faith exception using federal precedent....” Douds, 434 S.W.3d at 861-62 (citing Howard v. State, 617 S.W.2d 191, 193 (Tex.Crim.App.1979) (op. on reh’g) (declining to apply federal good-faith doctrine to Texas statutory good-faith *106 exception)). Since “the Texas good faith exception is more limited than the scope of its federal counterpart ... an officer’s good faith reliance on the law or existing precedent is not recognized as an exception to the Texas exclusionary rule.” State v. Jackson, 435 S.W.3d 819, 831 (Tex.App.-Eastland 2014, pet. granted) (citations omitted). Accordingly, because no warrant was issued in this case, the Texas good-faith exception does not apply. See Jackson, 435 S.W.3d at 831; Douds, 434 S.W.3d at 862; State v. Anderson, 445 S.W.3d 895, 911-12 (Tex.App.-Beaumont 2014, no pet. h.).
Apparently, then, the police could not rely on their apparently good-faith belief that no search warrant was required before they took a sample of Cole’s blood.