FILED IN
COURT OF CRIMINAL APPEALS

January 29, 2015

ABEL ACOSTA, CLERK

PD-0840-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/29/2015 10:32:39 AM
Accepted 1/29/2015 11:12:10 AM
ABEL ACOSTA
CLERK

PD-0840-14

# IN THE

# COURT OF CRIMINAL APPEALS

# SITTING AT AUSTIN, TEXAS

_____

KEIONA DASHELLE NOWLIN,

*PETITIONER*

V.

THE STATE OF TEXAS

_____

ON REVIEW FROM THE TENTH COURT OF APPEALS
No. 10-12-00239-CR
AN APPEAL OF A CONVICTION IN CAUSE NO. 2011-2523-C1
FROM THE 19TH JUDICIAL DISTRICT COURT OF
MCLENNAN COUNTY, TEXAS

_____

## STATE'S BRIEF

_____

ABELINO "ABEL" REYNA
Criminal District Attorney
McLennan County, Texas

GABRIEL C. PRICE
Appellate Division
State Bar No. 24068071

219 North 6th Street, Suite 200
Waco, Texas 76701
[Tel.] (254) 757-5084
[Fax] (254) 757-5021
[Email]
gabe.price@co.mclennan.tx.us

i

## Identity of Parties and Counsel

| | |
|---|---|
| Petitioner | Keiona Dashelle Nowlin |
| Petitioner's Trial Attorney | Mr. Robert Callahan<br>Mr. Cody Stapp<br>100 N. 6th St.,<br>Waco, Texas 76701 |
| Petitioner's Attorney on Appeal | Mr. John Donahue<br>204 N. 6th. St.<br>Waco, Texas 76701 |
| State's Trial Attorney | Mr. Robert Moody<br>Mr. Mark Parker<br>Assistant Criminal District<br>Attorneys<br>219 North 6th Street, Suite 200<br>Waco, Texas 76701 |
| State's Attorney on Appeal | Abelino ' Abel' Reyna<br>Criminal District Attorney<br>Alex J. Bell<br>Assistant Criminal District<br>Attorney<br>219 North 6th Street, Suite 200<br>Waco, Texas 76701 |

# Table of Contents

**Contents**

Identity of Parties and Counsel.................................................................................ii

Table of Contents .....................................................................................................iii

Table of Authorities .................................................................................................iv

Statement of the Case ............................................................................................... v

Issues Presented .......................................................................................................vi

Statement of Facts ......................................................................................................1

Summary of Argument ..............................................................................................2

Argument ....................................................................................................................3

    Issue 1 The evidence was legally sufficient to support a conviction ...........3

    LAW ......................................................................................................................4

        *Elements of Hindering Apprehension* ....................................................4

        *Legal Sufficiency* ....................................................................................5

    ARGUMENT.........................................................................................................8

        *Relief* .......................................................................................................13

Prayer ........................................................................................................................16

Certificate of Compliance .......................................................................................16

Certificate of Service ...............................................................................................17

# Table of Authorities

**Supreme Court Opinions**

*Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) ..... 5, 6

**Texas State Opinions**

*Beardsley v. State*, 738 S.W.2d 681 (Tex. Crim. App. 1987) ............................... 7

*Canida v. State*, 434 S.W.3d 163 (Tex. Crim. App. 2014) .................................. 14

*Clayton v. State*, 235 S.W.3d 772 (Tex. Crim. App. 2007) ................................. 6

*Dillon v. State*, 574 S.W.2d 92 (Tex. Crim. App. 1978) ..................................... 7

*Gardner v. State*, 736 S.W.2d 179 (Tex. App.—Dallas 1987) ............................ 7

*Geesa v. State*, 820 S.W.2d 154 (Tex. Crim. App. 1991) ................................... 7

*Hooper v. State*, 214 S.W.3d 9 (Tex. Crim. App. 2007) .................................. 6, 7

*Menchaca v. State*, 901 S.W.2d 640 (Tex. App.—El Paso 1995) ........................ 8

*Merritt v. State,* 368 S.W.3d 516 (Tex. Crim. App. 2012) .................................. 7

*Nowlin v. State, 2014 Tex. App. LEXIS 5309* (Tex. App. Waco May 15 2014) . 9

*Patrick v. State*, 906 S.W.2d 481 (Tex. Crim. App. 1995) .................................. 6

*Sharpe v. State*, 881 S.W.2d 487 (Tex. App.—El Paso 1994) ............................ 8

*Trejo v. State*, 766 S.W.2d 381 (Tex. App.—Austin 1989) ................................ 8

**Texas State Statutes**

Tex. Penal Code Ann. § 38.05(a)(1) (West 2009) .............................................. 4

Tex. Penal Code Ann. § 38.05(d) (West 2009) ................................................. 5

**Rules**

Tex. R. App. P. 9.4(e) ......................................................................................... 14

Tex. R. App. P. 9.4(i) .......................................................................................... 14

Tex. R. App. P. 9.4(i)(1) ..................................................................................... 15

## Statement of the Case

Petitioner, KEIONA DASHELLE NOWLIN, was charged by indictment with HINDERING APPREHENSION OF A FELON COUNT I and ESCAPE COUNT II as proscribed by Section 38.05 and 38.06 of the Texas Penal Code. This offense was alleged to have been committed on or about the 13th day of October, 2011, in McLennan County, Texas. 1 CR 6.

Petitioner pled not guilty to both counts. 1 CR 54. Trial was before the court beginning and ending June 26th, 2012 with a verdict of guilty on Count I and not guilty on Count II. Punishment was assessed by the court at four years imprisonment on the Hindering Apprehension Count in the Texas Department of Criminal Justice – Institutional Division and no fine. 1 CR 58.

The Tenth Court of Appeals affirmed in a memorandum opinion on May 15, 2014.

## Issues Presented

*Petitioner's Issues Presented and State's Response to each:*

1. The Tenth Court erred in holding that the evidence was sufficient to prove that Nowlin knew Degrate was being arrested for a felony offense.

**<u>State's Response</u>**: The Tenth Court correctly held that the evidence was legally sufficient to prove that Nowlin knew that Degrated was charged, arrested for or convicted of a felony offense. The Tenth Court correctly gave deference to the Trial Court's factfinding duty and the reasonable inferences the Trial Court relied on in finding Nowlin guilty.

## Statement of Facts

On October 13, 2011, Deputy U.S. Marshals (The Marshals) were attempting to arrest Demarcus Degrate (Degrate) on a warrant for the offense of Felon in Possession of a Firearm. 4 RR 15. After receiving information on a potential location for Degrate, The Marshals started to watch that location. 4 RR 16-17. Eventually, The Marshals spotted Degrate and Petitioner (Nowlin) exiting the residence. 4 RR 17. The Marshals called for additional units and then went to execute the warrant on Degrate. 4 RR 19. Nowlin warned Degrate, "Those are the Marshals" and "That's the laws. Run." 4 RR 52. Degrate then took off running from The Marshals. 4 RR 19. Nowlin then began to run in a different direction. 4 RR 41. She was eventually stopped by Deputy Marshal Slavich. 4 RR 41. Nowlin was placed in handcuffs and detained in Deputy Slavich's vehicle. 4 RR 42. Nowlin was then able to manipulate the seatbelt latch, unbuckle herself, open the door of the vehicle and again flee from the scene. 4 RR 43. While fleeing, Nowlin lost her balance and fell head first to the ground. 4 RR 43. She was then placed under arrest. 4 RR 44. Nowling admitted to Deputy Slavich, "she didn't want her man to get arrested," and "she knew he (Degrate) was supposed to come up and turn himself in on Wednesday."4 RR 52. Nowlin also told Deputy Slavich that she "knew he (Degrate) was out on bond and the bondsman was going off his bond." 4 RR 53. Nowlin had the name "Demarcus Degrate" tattooed just below her clavicle notch. 4

RR 54. Nowlin explicitly told Deputy Slavich that "she warned him (Degrate)." 4 RR 74.

## Summary of Argument

The evidence is legally sufficient to prove that Petitioner knew Demarcus Degrate was charged, arrested for or convicted of a felony. The evidence of the close intimate relationship between Nowlin and Degrate, the actions of Nowlin at the scene, and the admissions that Nowlin made to Deputy Slavich provided a rational basis for the Trial Court's verdict in this case.

In the alternative, Petitioner's requested remedy is incorrect. The only element being challenged before This Court is the aggravating element of whether Nowlin knew Degrate was charged, being arrested for or convicted of a felony. Where a court finds that the evidence of the aggravating element of an offense is insufficient, the court may reform the verdict to a lesser included offense that was necessarily proven by the remaining evidence and an acquittal in not proper.

**Argument**

**Issue 1 The evidence was legally sufficient to support a conviction**

Petitioner argued in the Tenth Court of Appeals that the evidence was legally insufficient to sustain a conviction on two grounds. First, that the evidence was insufficient to prove that Nowlin "warned" Degrate of impending discovery or apprehension; Second, that the evidence was insufficient to prove Nowlin knew that Degrate was charged with a felony offense. The Tenth Court of Appeals, in a memorandum opinion, rejected both arguments, holding the evidence was legally sufficient to uphold the conviction under both issues. Petitioner abandoned the first issue presented to the Tenth Court of Appeals and proceeded only on the second issue in the Petition for Discretionary Review. This Honorable Court granted Petitioner's request on the single issue of "Whether the court of appeals was correct in holding that the evidence was legally sufficient to prove that Nowlin knew Degrate was charged with a felony offense." The only question raised by Petitioner is whether evidence of the aggravating

element, raising the level of offense from a Misdemeanor to a Felony, is legally sufficient.

**LAW**

*Elements of Hindering Apprehension*

A person is guilty of the offense of hindering apprehension or prosecution if it is shown that "with intent to hinder the arrest, prosecution, conviction, or punishment of another for an offense...or with intent to hinder the arrest of another under the authority of a warrant or capias, he: (1) harbors or conceals the other; (2) provides or aids in providing the other with any means of avoiding arrest or effecting escape; or (3) warns the other of impending discovery or apprehension." Tex. Penal Code Ann. § 38.05(a)(1) (West 2009). The offense of hindering apprehension is a class A misdemeanor except an offense is a felony of the third degree if the person who is harbored, concealed, provided with a means of avoiding arrest or effecting escape, or warned of discovery or apprehension is under arrest for, charged with, or convicted of a felony, including an offense under Section 62.102, Code of Criminal Procedure, or is in custody or

4

detention for, is alleged in a petition to have engaged in, or has been adjudicated as having engaged in delinquent conduct that violates a penal law of the grade of felony, including an offense under Section 62.102, Code of Criminal Procedure, and the person charged under this section knew that the person they harbored, concealed, provided with a means of avoiding arrest or effecting escape, or warned of discovery or apprehension is under arrest for, charged with, or convicted of a felony, or is in custody or detention for, is alleged in a petition to have engaged in, or has been adjudicated as having engaged in delinquent conduct that violates a penal law of the grade of felony. *Id.* § 38.05(d).

*Legal Sufficiency*

Evidence is legally sufficient to support a conviction if, after assessing all the evidence in the light most favorable to the verdict, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). An appellate court reviews all of the evidence, whether it was properly or improperly admitted. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex.

Crim. App. 2007). Direct and circumstantial evidence are equally probative, and circumstantial evidence alone can be sufficient to establish guilt. *Id.*; *Patrick v. State*, 906 S.W.2d 481, 488 (Tex. Crim. App. 1995).

It is the factfinder's duty "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560. The appellate court is to "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). When the record supports conflicting inferences, the appellate court presumes that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560.

Direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. "It is the State's burden to prove

each element of the offense beyond a reasonable doubt, not to exclude every conceivable alternative to a defendant's guilt." *Merritt v. State*, 368 S.W.3d 516, 526 (Tex. Crim. App. 2012) (citing State v. Turro, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993) (explaining that "the evidence is not rendered insufficient simply because appellant presented a different version of the events")). In a circumstantial evidence case, it is not necessary that each fact, by itself, directly and independently prove the guilt of the accused. The cumulative force of all the incriminating circumstances may be sufficient to warrant a conclusion of guilt. *Beardsley v. State*, 738 S.W.2d 681, 685 (Tex. Crim. App. 1987). Circumstantial evidence cases have no different standard of review than those cases supported by direct evidence. *Geesa v. State*, 820 S.W.2d 154, 158 (Tex. Crim. App. 1991).

Proof of a culpable mental state generally exists in circumstantial evidence. *Gardner v. State*, 736 S.W.2d 179, 182 (Tex. App.—Dallas 1987), aff'd, 780 S.W.2d 259 (Tex. Crim. App. 1989). Thus, proof of knowledge is an inference drawn by the trier of fact from all the circumstances. *Dillon v. State*, 574 S.W.2d 92, 94 (Tex. Crim. App. 1978); *Trejo v. State*, 766 S.W.2d

381, 385-86 (Tex. App.—Austin 1989). A jury can infer knowledge or intent from the acts, conduct, and remarks of the accused and from the surrounding circumstances. *Menchaca v. State*, 901 S.W.2d 640, 652 (Tex. App.—El Paso 1995); *Sharpe v. State*, 881 S.W.2d 487, 490 (Tex. App.—El Paso 1994).

**ARGUMENT**

The Tenth Court of Appeals did not err in holding that the evidence was legally sufficient as to the aggravating factor that Nowlin knew Degrate was charged, arrested for or convicted of a felony offense.

The U.S. Marshals were out to arrest Degrate for the offense of Felon in Possession of a firearm. 4 RR 40. Petitioner "did not want her man to get arrested." 4 RR 52. Petitioner knew Degrate had been arrested, was on a State bond, that he had a problem with his bond, and that he was supposed to turn himself in. 4 RR 52-53. She was Degrate's companion and had his name tattooed on her chest. State's Ex. 3. She knew something that caused her to yell at Degrate to run as soon as she recognized the U.S. Marshals' vehicles. 4 RR 27, 28, 52-53. Petitioner attempted to flee from the area but

8

was placed into custody herself. 4 RR 53. Additionally, she made efforts to escape her detention by opening the door and running away while still handcuffed. 4 RR 43. She admitted to warning Degrate that he was going to be apprehended. 4 RR 52-53.

The Tenth Court of Appeals relied on the relevant circumstances around the relationship between Nowlin and Degrate, the actions of Nowlin on the date of the offense and the admissions by Nowlin to Deputy Slavich in affirming the Trial Court's decision to find Petitioner guilty of felony hindering apprehension. *Nowlin v. State, 2014 Tex. App. LEXIS 5309*, at 11 (Tex. App. Waco May 15 2014). Petitioner's argument would have This Court ignore basic common sense.

First, in order to find the evidence insufficient that Nowlin knew Degrate was charged with a felony, This Court would have to ignore the close intimate relationship between Nowlin and Degrate. The relationship between the individuals is a circumstance that is intertwined with the crime that Nowlin committed. The fact that she was in an intimate relationship with Degrate is evidence that she has knowledge of important

or intimate details of Degrate's life, including what crimes he has committed and what he is wanted for. Nowlin warned Degrate because she "didn't want her man to get arrested." 4 RR 52. This shows Nowlin's knowledge of Degrate's criminal activity and his status as being wanted for that criminal activity.

Second, This Court would have to ignore the fact that Nowlin knew Degrate was wanted on an outstanding bond issue and needed to turn himself in. The fact that she admitted to knowing about Degrate's criminal charges that were pending and that she knew Degrate was going to be arrested is evidence that she was aware of his criminal conduct and was aware that he was wanted. Being that Nowlin was aware of Degrate's criminal conduct; it was not unreasonable for the Trial Court to infer that she knew why he was wanted. These two facts alone are sufficient evidence for the Trial Court to reasonably infer that Nowlin knew of Degrate's criminal exploits and knew he was wanted on a felony charge.

In addition to the above facts, this court would also have to ignore Nowlin's actions at the scene of the offense. As soon as she recognized the

10

U.S. Marshal's vehicles she warned Degrate and told him to run. 4 RR 52. She then fled herself before being apprehended. 4 RR 41. Once apprehended, she then fled the custody of Deputy Slavich while in handcuffs. 4 RR 43. Nowlin's actions at the scene provide additional evidence for the Trial Court's finding Petitioner guilty of a felony offense. The actions taken by Nowlin are evidence of her knowledge of the serious nature of the criminal conduct of Degrate. Opening herself up to criminal charges is a large risk. The Trial Court was reasonable to conclude that Nowlin took this risk because she knew the serious nature of the reason Degrate was wanted.

Lastly, this court would have to ignore the admissions made by Nowlin. Deputy Slavich testified that Nowlin stated, "she knew the Marshal's vehicles by sight" and stated that "she didn't want her man to get arrested." 4 RR 52. The fact that Nowlin knew the Marshal's vehicles by sight shows that she was familiar with law enforcement and actively learned what the vehicles from a specific law enforcement agency looked like in order to protect her intimate partner, Degrate, from getting arrested.

The fact that she learned about The Marshals' vehicles specifically is another fact that the Trial Court relied on in finding that Nowlin knew about Degrate's criminal activity. The facts that she knew The Marshals were there and that they were going to arrest Degrate shows her familiarity with the charges and criminal activity of Degrate. There was no evidence that Nowlin was wanted for any offense or on any warrant at the time of the offense. The only evidence was that she knew the vehicles on sight and she warned Degrate because "she didn't want her man to get arrested." It stands to reason that, first, she knew he was wanted because she knew the Marshals were there to arrest him and second, because of their relationship she knew why he was wanted.

Petitioner also relies on the fact of the federal indictment as the only evidence of Degrate being sought for a felony. Pet. Br. 3. Petitioner's sole reliance on the sealed indictment is misplaced. Petitioner fails to take into consideration the additional evidence discussed above that the trial court relied on in finding Petitioner guilty. Whether the indictment was sealed or

12

not does not affect Nowlin's relationship with and knowledge of Degrate's criminal activity, her actions or her admissions to The Marshals.

Because the evidence was legally sufficient for a rational factfinder to infer Petitioner's knowledge of Degrate's criminal offenses, the Tenth Court of Appeal's decision should be affirmed.

*Relief*

Petitioner's requested relief is incorrect under the facts of this case. If This Court finds that the evidence of Petitioner's knowledge of Degrate being charged, arrested for or convicted of a felony is insufficient, This Court should reform the judgment to reflect a conviction for the lesser included offense of misdemeanor hindering apprehension.

> "After a court of appeals has found the evidence insufficient to support an appellant's conviction for a greater-inclusive offense, in deciding whether to reform the judgment to reflect a conviction for a lesser-included offense, that court must answer two questions: 1) in the course of convicting the appellant of the greater offense, must the jury have necessarily found every

13

element necessary to convict the appellant for the lesser-included offense; and 2) conducting an evidentiary sufficiency analysis as though the appellant had been convicted of the lesser-included offense at trial, is there sufficient evidence to support a conviction for that offense? If the answer to either of these questions is no, the court of appeals is not authorized to reform the judgment. But if the answers to both are yes, the court is authorized—indeed required—to avoid the "unjust" result of an outright acquittal by reforming the judgment to reflect a conviction for the lesser-included offense."

*Canida v. State*, 434 S.W.3d 163, 166 (Tex. Crim. App. 2014) citing Thornton v. State, 425 S.W.3d 289 (Tex. Crim. App. 2014).

The underlying elements of hindering apprehension were found to be sufficient by The Tenth Court of Appeals. Because only the aggravating factor of whether Petitioner knew Degrate was charged, arrested for or convicted of a felony is being challenged, all of the essential elements of

misdemeanor hindering apprehension have necessarily been found by the

factfinder.

## Prayer

For the foregoing reasons, the State of Texas prays that this Honorable Court affirm the conviction and punishment of KEIONA DASHELLE NOWLIN and prays for such other and further relief as may be provided by law.

Respectfully Submitted:

**ABELINO 'ABEL' REYNA**
Criminal District Attorney
McLennan County, Texas

/s/Gabriel C. Price_____
**GABRIEL C. PRICE**
Appellate Division
219 North 6th Street, Suite 200
Waco, Texas 76701
[Tel.] (254) 757-5084
[Fax] (254) 757-5021
[Email]
gabe.price@co.mclennan.tx.us
State Bar No. 24068071

## Certificate of Compliance

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if

applicable, because it contains 2,721 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

## Certificate of Service

I certify that I caused to be served a true and correct copy of this State's Brief by eservice or email on Petitioner's attorney of record and the State Prosecuting Attorney.


DATE: 1/29/2015          /s/Gabriel C. Price_____

                                       GABRIEL C. PRICE