

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-11-0069-CR

———————————————

GREGORY THORNTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2008-419,888
Honorable Jim Bob Darnell, Presiding

April 29, 2013

## OPINION ON REMAND

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

On August 7, 2012, this Court reversed Gregory Thornton's conviction for tampering with evidence and rendered a judgment of acquittal. *See Thornton v. State*, 377 S.W.3d 814 (Tex.App.—Amarillo 2012)*, vacated*, No. PD-1517-12, 2013 Tex. Crim. App. Unpub. LEXIS 48 (Tex.Crim.App. Jan. 9, 2013). Thereafter, the State filed a petition for discretionary review contending, in part, that this Court should have

considered whether the evidence was sufficient to support a conviction for the lesser-included offense of *attempted* tampering with evidence, and whether the judgment should be reformed accordingly. Finding that this Court had issued its opinion without the benefit of the recent opinion in *Bowen v. State*, 374 S.W.3d 427 (Tex.Crim.App. 2012), the Court of Criminal Appeals ordered that the judgment of this Court be *vacated* and remanded the case to consider the effect, if any, on our original reasoning and analysis. Remaining convinced that the evidence is insufficient to sustain Appellant's conviction for tampering with evidence and that *Bowen* has no application to the facts of this case, we reverse the judgment of the trial court and render a judgment of acquittal.

## PROCEDURAL BACKGROUND

Following a plea of not guilty, Appellant, Gregory Thornton, was convicted by a jury of the third degree felony offense of tampering with evidence.[1] He pleaded not true to two enhancement paragraphs and was sentenced to forty-five years confinement. By two issues, Appellant questions whether (1) the evidence is sufficient to support a conviction for tampering with evidence when the "evidentiary value" of an item of drug paraphernalia, to-wit: a glass "crack pipe" was not destroyed or altered and the pipe was never concealed from the officer that instigated the encounter; and whether (2) he was entitled to a jury instruction on *attempt* after the arresting officer testified that he "tried" to tamper with the evidence.

---

[1] TEX. PENAL CODE ANN. § 37.09(c), (d)(1) (WEST SUPP. 2012).

## FACTUAL BACKGROUND

On the morning of April 11, 2008, while on burglary patrol in an unmarked car and dressed in plain clothes, Officers Jordan Roberts and Nathan Meil noticed Appellant and a female walking in the street where an adjacent sidewalk was provided, a violation of section 552.006 of the Texas Transportation Code.[2] The officers decided to stop the individuals and issue a citation for the violation. They pulled up to them, exited their vehicle, displayed their guns and badges and ordered them to stop.[3] According to Roberts, he observed Appellant reach inside a pocket and drop an object before he walked towards him and Meil. After securing the individuals, Roberts escorted Meil to the location of the dropped object where he retrieved a broken glass crack pipe and a brillo pad. A female officer was called to search the female suspect. An intact crack pipe was found in her pocket.

Appellant and his female companion were both charged with possession of drug paraphernalia, a Class C misdemeanor.[4] In addition, by the indictment in this cause, Appellant was also charged with the third degree felony offense of tampering with evidence. Following a plea of not guilty, a jury found Appellant guilty and the trial court assessed his sentence at forty-five years confinement.[5]

---

[2]Section 552.006(a) provides that a pedestrian may not walk along and on a roadway if an adjacent sidewalk is provided and is accessible to the pedestrian. TEX. TRANSP. CODE ANN. § 552.006(a) (WEST 2011).

[3]Roberts testified that he and Meil were within twenty feet of Appellant when they identified themselves as police officers.

[4]TEX. HEALTH & SAFETY CODE ANN. § 481.125(a) and (c) (WEST 2010).

[5]The range of punishment applicable to this offense was enhanced by four prior felony offenses alleged in the indictment. *See* TEX. PENAL CODE ANN. § 12.42(d) (WEST SUPP. 2012).

By his first issue, Appellant maintains the evidence is insufficient to support his conviction for tampering with evidence, as alleged in the indictment. We agree.

## SUFFICIENCY STANDARD OF REVIEW

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See Brooks v. State,* 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). Under that standard, in assessing the sufficiency of the evidence to support a criminal conviction, this Court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319; *Brooks*, 323 S.W.3d at 912. We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). In our review, we must evaluate all of the evidence in the record, both direct and circumstantial, whether admissible or inadmissible. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000).

## ANALYSIS

A person commits the offense of tampering with evidence if knowing that an offense has been committed, he alters, destroys, or conceals any record, document or thing with intent to impair its verity, legibility or availability as evidence in any

subsequent investigation of or official proceeding related to the offense. *See* TEX. PENAL CODE ANN. § 37.09(d)(1) (WEST SUPP. 2012). In this case, the indictment specifically alleged that Appellant "intentionally and knowingly conceal[ed] physical evidence, to-wit: glass pipe with intent to impair the availability of glass pipe as evidence in a subsequent investigation related to the said offense . . . ." Under this indictment, the critical element is the act of concealment because he was not charged with altering or destroying the pipe.

While the term "conceal" has not been defined by section 37.09 or elsewhere in the Penal Code, courts have construed it to mean to hide, to remove from sight or notice; to keep from discovery or observation. *See Rotenberry v. State*, 245 S.W.3d 583, 588-89 (Tex.App.--Fort Worth 2007, pet. ref'd); *Hollingsworth v. State*, 15 S.W.3d 586, 595 (Tex.App.--Austin 2000, no pet.). In fact, this Court has held that "conceal" means "to prevent disclosure or recognition of" or "to place out of sight." *See Lujan v. State*, No. 07-09-0036-CR, 2009 Tex. App. LEXIS 7121, at *6 (Tex.App.--Amarillo Sept. 9, 2009, no pet.) (not designated for publication). In the context of this offense, the *actio malum prohibitum* of concealment is the affirmative act of doing something with the intent of making an item of evidence unavailable in a subsequent investigation or prosecution.[6]

---

[6]An *actio malum prohibitum* is "[a] wrong prohibited; a thing which is wrong because prohibited; an act which is not inherently immoral, but becomes so because its commission is expressly forbidden by positive law; an act involving an illegality resulting from positive law." *Tovar v. State,* 978 S.W.2d 584, 587 (Tex.Crim.App. 1998) (quoting BLACK'S LAW DICTIONARY, ABRIDGED, 494 (5th ed. 1983)).

Relying on *Hollingsworth*, 15 S.W.3d at 594-95,[7] Appellant maintains that by reaching in his pocket and removing the glass pipe, he did not affirmatively act to conceal evidence; rather, he merely dispossessed himself of the evidence, thereby actually revealing it to Officer Roberts. In response, the State urges that Appellant's "palming" of the pipe to remove it from his pocket constituted concealment. We disagree with the State.

In 2006, the Dallas Court of Appeals addressed the issue of concealment in *Blanton v. State*, Nos. 05-05-01060-CR and 05-05-01061-CR, 2006 Tex. App. LEXIS 6367 (Tex.App.--Dallas July 21, 2006, pet. ref'd) (not designated for publication). There, the defendant was stopped for a traffic violation and before stopping, he dropped two plastic baggies from his car window. The baggies were later retrieved and although some of the contents had spilled onto the street, a measurable amount of crack cocaine remained in them. He was convicted of possession of cocaine and tampering with evidence. Regarding the tampering conviction, he argued on appeal that the State failed to prove he "concealed" the cocaine because he had in fact exposed it to the officer's view.[8] The Dallas Court of Appeals agreed that Blanton had not concealed the cocaine but nevertheless affirmed his conviction for tampering with evidence based on

---

[7]In *Hollingsworth*, an officer was dispatched to a knife fight. He observed the defendant, whom he believed was a suspect, walking away from his patrol car at a fast pace. As the defendant ducked behind dumpster, the officer observed him make a motion with his tongue in his mouth. A backup officer arrived and observed the defendant spit out what appeared to be crack cocaine. The defendant was found guilty of possession of cocaine and tampering with evidence. He challenged the tampering conviction by arguing he had not concealed any evidence. The Court found the evidence insufficient to support the conviction for tampering with evidence because, by spitting out the cocaine, which the backup officer testified he observed, the defendant exposed it to the officer's view rather than affirmatively acting to conceal the evidence. 15 S.W.3d at 595.

[8]Blanton also argued the State failed to prove he destroyed or altered the cocaine. However, those arguments are not relevant here because, unlike the charges in *Blanton*, Appellant was not charged with destroying or altering the pipe in question.

6

having "altered" the cocaine because the baggies had ripped and their contents had spilled onto the roadway. *Id.* at *8-9.

Here, Officer Roberts repeatedly confirmed during cross-examination that the object Appellant removed from his pocket, i.e., the glass crack pipe, was never concealed from him because it never left his sight.[9] Appellant never affirmatively acted to make the crack pipe unavailable in a subsequent investigation or prosecution. He did not throw it, bury it, cover it, hide it, place it out of sight, or otherwise affirmatively attempt to conceal it. He merely dispossessed himself of it, leaving it in plain-view. As in *Blanton* where the act of dropping baggies out of a car window did not result in concealment, Appellant did not conceal the glass crack pipe by dropping it and thus ultimately revealing it to Officer Roberts.

The State urges that Officer Roberts's awareness of the glass pipe should not be imputed to Officer Meil's unawareness. Appellant, again relying on *Hollingsworth*, argues that it implicitly held that an officer's awareness of evidence is imputed to other officers. Although neither party cites to any authority involving tampering cases in support of their respective arguments, we follow the logic of *Hollingsworth* in which at least one of the officers on the scene, as is the case here, was aware of the presence of

---

[9]Officer Roberts testified as follows during cross-examination:

> Q. From the moment he took the pipe out of his hand, to the moment it hit the ground, to the moment you picked it up, did you ever lose sight of it?
> A. No.
>
> * * *
>
> Q. And correct me if I'm wrong, the pipe was never out of your vision; is that right?
> A. Yes, sir.
>
> * * *
>
> Q. Essentially, Officer Roberts, what I'm hearing from you is that the pipe was never out of your sight; is that correct?
> A. Yes, sir.

7

the item alleged to have been concealed at all times. *Cf. Holloway v. State*, 780 S.W.2d 787, 796 (Tex.Crim.App. 1989) (regarding the Sixth Amendment, knowledge is imputed from one state actor to another).

Based on the plain and ordinary meaning of "conceal" and on the evidence and reasonable inferences to be drawn therefrom, we conclude that no rational trier of fact could have found that Appellant "concealed" the pipe as alleged in the indictment. Issue one is sustained.

## LESSER-INCLUDED OFFENSE

Originally, we found that our disposition of Appellant's first issue pretermitted consideration of his second issue. TEX. R. APP. P. 47.1. In its petition for discretionary review, the State contends that we should have considered that issue in order to determine whether the evidence was sufficient to support a conviction for the lesser-included offense of *attempted* tampering with evidence and whether the judgment of the trial court should be reformed in lieu of a judgment of acquittal.

Initially, we would note that the State waived any error with respect to the trial court's failure to submit a lesser-included offense by failing to either timely request such a submission or object to the omission of the issue in the jury charge. *See Tolbert v. State*, 306 S.W.3d 776, 780 (Tex.Crim.App. 2010) (holding that a defendant waives entitlement to a lesser-included offense "unless the defendant, 'timely requests the issue or objects to the omission of the issue in the jury charge,'" quoting *Druery v. State*, 225 S.W.2d 491, 512-13 (Tex.Crim.App. 2007)). Basic principles of preservation of error apply equally to the State and the defendant. *See Martinez v. State,* 91 S.W.3d

8

331, 335-336 (Tex.Crim.App. 2002).  In this case, not only did the State not request a lesser-included offense charge, it stood idly by as the trial court denied Appellant's request for one.

Notwithstanding the issue of waiver, in *Bowen v. State,* the Texas Court of Criminal Appeals reversed the rule announced in *Collier v. State*, 999 S.W.2d 799 (Tex.Crim.App. 1999), and held that, when a lesser-included offense charge is either requested by the parties or included in the jury charge, and the evidence is legally insufficient as to the original offense charged, rather than a reversal and rendering of judgment of acquittal as to that offense, an appellate court should reform the conviction to the lesser-included offense in those situations where the State has failed to prove an "aggravating element" of the charged offense, but has met its burden of proof as to the "essential elements" of the lesser-included offense.  *Bowen v. State*, 374 S.W.3d 427, 432 (Tex.Crim.App. 2012).  Although any error arising from the trial court's failure to submit a lesser-included offense charge was waived by the State, because Appellant requested such a charge, the State contends that this Court should reform Appellant's conviction to the lesser-included offense of *attempted* tampering with evidence.

In *Bowen,* the defendant was charged with the first degree felony offense of misapplication of fiduciary property of $200,000 or more.[10]  The State met its burden of proof with respect to the essential elements of the offense of misapplication of fiduciary property; however, it failed to prove the value of the misapplied property as being more than $200,000.  Because the proof established that the value of the misapplied property

---

[10]TEX. PENAL CODE ANN. § 32.45(b), (c)(7) (WEST 2011).

9

was, at most, $103,344, the Court held that the trial court should have rendered a judgment to reflect conviction of the lesser-included second degree felony offense of misapplication of fiduciary property of $100,000 or more, but less than $200,000.[11]

*Bowen* is clearly distinguishable from the facts of this case and, as such, is not relevant to our decision to acquit rather than reform the judgment to reflect a conviction as to the lesser-included offense of attempted tampering with evidence. In *Bowen,* the *actio malum prohibitum* of the offense of misapplication of fiduciary property was *misapplication.* Because the value of the property misapplied was merely an "aggravating element" used to determine the degree of the offense, as opposed to defining the offense itself, the Court of Criminal Appeals found that the "essential elements" of the offense had been proven beyond a reasonable doubt and that the trial court should have reformed the judgment to reflect a conviction as to the lesser-included offense. That simply is not the case in this proceeding.

Here, Appellant was charged by indictment with intentionally and knowingly concealing physical evidence, a glass crack pipe, with the intent of impairing the availability of that evidence in a subsequent investigation or official proceeding related to the Class C misdemeanor offense of possession of drug paraphernalia.[12] Under that indictment, in order to obtain a conviction, the State was required to prove beyond a reasonable doubt that (1) Appellant, (2) knowing that the offense of possession of drug paraphernalia had been committed, (3) intentionally or knowingly, (4) concealed, (5) physical evidence, (6) with the intent to impair the availability of that evidence as

---

[11]TEX. PENAL CODE ANN. § 32.45(b), (c)(6) (WEST 2011).

[12]TEX. HEALTH & SAFETY CODE ANN. § 481.125(a), (d) (WEST 2010).

evidence in a subsequent investigation or official proceeding related to that offense. These are the "essential elements" of the offense. Concealment is not an "aggravating element" of the offense of tampering with evidence, it is the very *sine quo non* of that offense. As such, *Bowen* has no application to the facts of this case and we are not bound to consider whether to reform Appellant's judgment to reflect a conviction as to the lesser-included offense of attempted tampering with evidence.

Furthermore, even if *Bowen* were applicable to this case, the evidence presented would not be legally sufficient to support a conviction of attempted tampering with evidence. Section 15.01(a) of the Texas Penal Code provides that a person commits an "attempted" offense if, with the specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. TEX. PENAL CODE ANN. § 15.01(a) (WEST 2011). The State's failure to prove the element of concealment cannot be boot-strapped into an attempted offense merely by arguing that Appellant *attempted*, but did not complete, the element of concealment without a showing that, with specific intent to conceal that evidence, he committed an act amounting to more than mere preparation that tended to but failed to effect the act of concealment.

As stated above, the State now contends that Appellant's "palming" of the pipe to remove it from his pocket constituted *attempted* concealment. Such an argument is merely made up out of whole cloth, requiring total speculation as to whether or not Appellant had the specific intent to "conceal" the evidence once he removed it from his pocket, or whether he merely intended to dispossess himself of it. Without evidence of a specific intent to conceal, Appellant's merely reaching into his pocket and removing

11

the pipe is no more *attempted* concealment than having a drink is *attempted* public intoxication. Evidence of an act amounting to more than mere preparation is totally lacking. As such, we conclude that no rational trier of fact could have found that Appellant attempted to conceal evidence of any kind.

## CONCLUSION

Having found the evidence is insufficient to sustain Appellant's conviction for tampering with evidence, we reverse the trial court's judgment and render a judgment of acquittal.


Patrick A. Pirtle
Justice


Publish.


12