

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0669-13

**GREGORY THORNTON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### LUBBOCK COUNTY

KELLER, P.J., filed a concurring opinion.

In its sufficiency-of-the-evidence analysis, the court of appeals held that courts have construed the term "conceal" to mean "to hide, to remove from sight or notice, to keep from discovery or observation."[1] These definitions comport with definitions found in both legal and non-legal dictionaries.[2] Whatever else "conceal" might mean in the context of the tampering with

---

[1] *Thornton v. State*, 401 S.W.3d 395, 398 (Tex. App.–Amarillo 2013, pet. granted).

[2] *See* BLACK'S LAW DICTIONARY 261 (5th ed. 1979) ("To hide, secrete, or withhold from the knowledge of others. To withdraw from observation; to withhold from utterance or declaration; to cover or keep from sight, or prevent discovery of."); WEBSTER'S NEW WORLD COLLEGE DICTIONARY 301 (4th ed. 2000) ("1 to put out of sight; hide, 2 to keep from another's knowledge; keep secret").

evidence statute, it at least means to remove from sight. And removal from a person's sight occurs, at least, when a person's line of sight to the object in question is blocked.

Under this definition of "conceal," the evidence was sufficient to show that appellant had the specific intent to block the officers' line of sight to the crack pipe with his body when he stealthily palmed the crack pipe, dropped it, and walked forward to the officers. Although the court of appeals focused on Officer Roberts's testimony that the crack pipe never left his sight,[3] Officer Roberts also testified that he could not see the pipe while it was in appellant's hand and that appellant had concealed it there. The jury could also have concluded from the following colloquy between Officer Roberts and defense counsel that appellant intended to block Officer Roberts's view of the pipe when he walked toward the officer:

Q. So him moving away from the pipe concealed it from you?

A. Yes, sir.

Q. But not from your vision?

A. I saw the area to where he was where he dropped it and –

Q. I'm looking in a dictionary, conceal means the removing from sight or notice. Does that sound like an accurate definition of conceal?

A. Yes, sir.

Moreover, defense counsel elicited Officer Roberts's opinion that appellant's intent was to hide the crack pipe from the officer:

Q. Okay. And you're indicating to me and to this jury that you believe Mr. Thornton's intent was to hide that from you.

A. Yes, sir.

---

[3] *Thornton*, 401 S.W.3d at 81.

Q. And you're basing that on the fact that he dropped it in front of you and walked away from it?

A. Uh-huh.

This opinion regarding appellant's intent qualifies under Rule 701 as one that is "rationally based on the perception of the witness and helpful to a clear understanding of the witness' testimony or the determination of a fact in issue."[4]

In addition, pursuant to a request from the defense attorney, Officer Roberts conducted a demonstration of how the crack pipe was dropped. In argument to the jury, one of the prosecutors stated, without objection, that the demonstration and the officer's testimony showed that appellant dropped the crack pipe "on the ground behind his leg." Defense counsel disputed that interpretation in his jury argument, but there is no definitive evidence (such as a video or a "let the record reflect" statement by the trial court) of what exactly the demonstration showed. Absent definitive evidence that defense counsel's interpretation was indisputably correct, we must assume that the demonstration could rationally support a conclusion that appellant did indeed drop the crack pipe behind his body.

With these comments, I join the Court's opinion.

Filed: April 2, 2014
Publish

---

[4] *See* TEX. R. EVID. 701.