

## NUMBER 13-15-00014-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

**FELIX VILLARREAL,**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                       **Appellee.**

## On appeal from the 156th District Court
## of Bee County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Chief Justice Valdez**

A jury convicted appellant, Felix Villarreal, of, among other things, tampering with

evidence.[1]  *See* TEX. PENAL CODE ANN. § 37.09(a)(1) (West, Westlaw through 2015 R.S.).

By one issue, Villarreal contends that the evidence is insufficient to support his conviction

---

[1] Villarreal was also convicted of possession of methamphetamine and possession of cocaine. However, Villarreal does not challenge those convictions.  Thus, we need not discuss those convictions.

of tampering with evidence.[2]  We affirm in part, and we reverse and render in part and remand in part.

## I.  BACKGROUND

A loss-prevention officer with Wal-Mart, Joseph Wyatt, testified that he witnessed Villarreal steal a pair of shorts from the store.  According to Wyatt, shortly thereafter, he identified Villarreal to a police officer as a shoplifter.  Wyatt stated that Villarreal then ran through the parking lot between parked cars.  Wyatt observed Villarreal take a pill bottle out of his pocket and toss it "underneath" a car.  Wyatt estimated that Villarreal threw the bottle "[m]aybe a foot probably" underneath the car.  Wyatt picked up the pill bottle and gave it to the officer on the scene, Brandon Burdick.

On cross-examination, Villarreal's defense counsel asked Wyatt if he had "to get down on [his] hand and knees to collect the pill bottle," and Wyatt replied, "No, ma'am." Defense counsel asked, "How did you do it?  Just reached down?"  Wyatt responded, "Just picked [it] up underneath."  Wyatt agreed that the bottle was in plain view and easy to observe.  When asked, "Was it hidden in any way," Wyatt responded, "No, ma'am."

On redirect examination, Wyatt stated that Villarreal threw the bottle "underneath" the car, "[p]robably like right in the middle of the passenger and—the middle of the passenger and the passenger door."  On re-cross examination, when asked, "And you're claiming that you watched him the whole time," and "[You n]ever lost sight of him," Wyatt responded, "Yes, ma'am."

Sergeant Burdick testified that he saw Wyatt exit the store after Villarreal exited the store.  Sergeant Burdick said, "I observed [Villarreal] reaching into his shorts' pocket

---

[2] We need not address Villarreal's second issue as it is not dispositive.  *See* TEX. R. APP. P. 47.1.

and then I observed a throwing motion." On cross-examination, when asked, "And you agree that you do not observe what was thrown," Sergeant Burdick replied, "I don't recall, so I am not going to testify that I did when I can't specifically remember that I did." Sergeant Burdick testified on redirect examination that Villarreal's motion was "[a] toss underhand" and "between parked vehicles." The jury found Villarreal guilty of tampering with evidence by concealment on the basis that he threw the bottle containing the methamphetamine under the car. This appeal followed.

## II.     STANDARD OF REVIEW

In a sufficiency review, we examine the evidence in the light most favorable to the prosecution to determine whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.). The fact finder is the exclusive judge of the facts, the credibility of witnesses, and of the weight to be given testimony. *Brooks*, 323 S.W.3d at 899. We must resolve any evidentiary inconsistencies in favor of the judgment. *Id.* We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Coleman v. State*, 131 S.W.3d 303, 314 (Tex. App.—Corpus Christi 2004, pet. ref'd) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Under a hypothetically correct jury charge, Villarreal committed the offense of tampering with evidence, as charged in this case, if knowing that an offense had been committed, he concealed the methamphetamine with the intent to impair its availability as evidence in any subsequent investigation of or official proceeding related to the offense. *See Thornton v. State*, 401 S.W.3d 395, 398 (Tex. App.—Amarillo 2013), *rev'd on other grounds*, 425 S.W.3d 289 (Tex. Crim. App. 2014).

In this case, "the critical element is the act of concealment because [Villarreal] was not charged with altering or destroying" the methamphetamine. *See id.* "Conceal" is not defined in the Texas Penal Code; however, courts have construed it "to mean to hide, to remove from sight or notice; to keep from discovery or observation." *Id.*; *see also Rodriguez v. State*, No. 13-15-00287-CR, 2016 WL 3626097, at *5 (Tex. App.—Corpus Christi June 30, 2016, no pet.) (mem. op., not designated for publication).

### III. CONCEALMENT

By his first issue, Villarreal contends that the evidence is insufficient to establish that he concealed the methamphetamine. Villarreal argues that "he merely dispossessed himself of the evidence, thereby actually revealing it to" Wyatt.

The facts of this case are similar to facts in *Thornton v. State*. *See* 401 S.W.3d at 397. In that case, the appellant and a friend were walking on the street where an adjacent sidewalk was provided. *Id.* Plain clothes police officers patrolling the area decided to stop the appellant and his companion to issue a citation. *Id.* The officers exited their vehicle, displayed their guns and badges, and ordered the appellant to stop. *Id.* One of the officers testified that "he observed [the appellant] reach inside a pocket and drop an object, [later identified as a crack pipe,] before" walking towards the officers. *Id.*

A jury convicted the appellant of tampering with evidence by concealment, and the trial court sentenced the appellant to forty years' confinement. *Id.* at 397–98. The Amarillo Court of Appeals concluded that the evidence was insufficient to support the jury's finding that the appellant had concealed the evidence.[3] *Id.* at 400. The court

---

[3] The Texas Court of Criminal Appeals reversed the court of appeals judgment on the basis that the lower court was required to decide whether the appellant committed the lesser-included offense of attempted tampering with evidence. *Thornton v. State*, 425 S.W.3d 289, 294 (Tex. Crim. App. 2014). The Court of Criminal Appeals did not reverse the lower court's conclusion that the evidence was insufficient to show that the appellant had committed the offense of tampering with evidence. *See id.*

reasoned that the evidence showed "that the [crack pipe] . . . was never concealed from [the officer] because it never left his sight." *Id.* at 399.

Here, Wyatt testified that the pill bottle had not been concealed at any time and that the bottle landed in plain view and was "not hidden in any way." There is no evidence that may have supported a finding that Villarreal hid the bottle, removed it from sight or notice, or kept it from discovery or observation. Thus, considering the evidence in the light most favorable to the verdict, we conclude that based on the plain and ordinary meaning of "conceal" and on the evidence and reasonable inferences to be drawn therefrom, no rational trier of fact could have found that Villarreal "concealed" the evidence.[4] *See id.*; *see also Thornton*, 425 S.W.3d at 307 (concurrence, J. Keller) ("Whatever else 'conceal' might mean in the context of the tampering with evidence statute, it at least means to remove from sight. And removal from a person's sight occurs, at least, when a person's line of sight to the object in question is blocked."); *see also Rabb v. State*, 434 S.W.3d 613, 617–18 (Tex. Crim. App. 2016) (explaining that the evidence did not support the jury's finding that the appellant destroyed the evidence by swallowing a baggie filled with drugs because there was "no evidence that the baggie and its contents

---

[4] Although the evidence showed that Villarreal had previously placed the drugs in a pill bottle and put the pill bottle in his pants' pocket, the evidence does not support a finding that Villarreal put the pills in the bottle and then in his pocket, knowing that an offense had been committed, intending to impair its availability as evidence in any subsequent investigation of or official proceeding related to the offense. *See Thornton v. State*, 401 S.W.3d 395, 398 (Tex. App.—Amarillo 2013), *rev'd on other grounds*, 425 S.W.3d 289 (Tex. Crim. App. 2014) (citing TEX. PENAL CODE ANN. § 37.09(d)(1) (West, Westlaw through 2014 R.S.)). If we were to conclude otherwise then all persons in possession of drugs would also be guilty of tampering with evidence by concealment because in order to transport the drugs, it is necessary to place them in a pocket, wallet, purse, or other container if the possessor wishes not to be seen carrying the drugs. *See Thornton*, 425 S.W.3d at 303–06 (relying on facts that the appellant had palmed a crack pipe, among other things, to conclude he committed offense of attempted tampering, and not relying on fact that the appellant had originally had the crack pipe in his pocket); *see also Thornton*, 401 S.W.3d at 398, (finding no evidence of tampering by concealment although the appellant had stored the crack pipe in his pocket prior to removing and dropping it).

5

were destroyed and no evidence on which a fact finder could base a reasonable inference that they had been destroyed"). Accordingly, we sustain Villarreal's first issue.

### IV. ATTEMPTED TAMPERING WITH EVIDENCE

Our analysis does not end here, however. Although we have concluded that the evidence does not support the jury's finding that Villarreal committed the offense of tampering with evidence, we must, as explained by the court of criminal appeals in *Thornton*, next determine whether the evidence is nonetheless sufficient to support a finding that Villarreal committed the lesser-included offense of attempted tampering with evidence. *See Thornton*, 425 S.W.3d at 300. Under a hypothetically correct jury charge, Villarreal committed such an offense if (1) knowing that an offense had been committed, and with (2) the specific intent to conceal the bottle, and (3) the specific intent to impair the availability of the bottle as evidence in a later investigation or proceeding, he (4) did an act amounting to more than mere preparation that (5) tended but failed to result in concealment of the bottle. *See Rabb v. State*, 483 S.W.3d 16, 21 (Tex. Crim. App. 2016) (citing *Thornton*, 425 S.W.3d at 300–01).

The evidence showed that Villarreal (1) took a bottle containing the methamphetamine out of his pocket while running away from Walmart's loss prevention officer who was investigating Villarreal for shoplifting, (2) tossed the bottle "between parked cars," (3) used an underhanded toss, and (4) tossed the bottle "maybe a foot" underneath a parked car. Viewing the evidence in the light most favorable to conviction for attempted tampering with evidence, we conclude that it was reasonable for a fact finder to determine that Villarreal had the specific intent to conceal the bottle containing the methamphetamine, when he ran between parked cars and used an underhanded toss to throw the bottle a foot underneath a parked car. In addition, the evidence showed that

6

when Villarreal threw the bottle underneath the car, Villarreal was running away from a loss prevention officer from Walmart and knew that Sergeant Burdick intended to question him about shoplifting at the store. Thus, we conclude that the evidence supports a rational finding that Villarreal had the specific intent to impair the availability of the contents of the bottle as evidence in a later investigation or proceeding, he did an act amounting to more than mere preparation, and his act of tossing the bottle tended but failed to result in concealment of the bottle. *See id.*

## V.  CONCLUSION

We reverse the trial court's judgment convicting Villarreal of tampering with evidence and render a judgment of acquittal on that charge and render a judgment convicting appellant of attempted tampering with evidence by concealment, and we remand for proceedings consistent with this memorandum opinion regarding the attempted with tampering conviction. *See* TEX. R. APP. P. 43.2(c). We affirm the judgment in all other respects.

/s/ Rogelio Valdez
ROGELIO VALDEZ
Chief Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of December, 2016.

7