

## NUMBER 13-17-00460-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**CELESTINA LYNN GARCIA,**  **Appellant,**

**v.**

**THE STATE OF TEXAS,**  **Appellee.**

---

### On appeal from the 24th District Court
### of Victoria County, Texas.

---

# MEMORANDUM OPINION
### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Benavides

Appellant Celestina Lynn Garcia[1] challenges the sufficiency of the evidence to

support her conviction for tampering with physical evidence, a third-degree felony, in

---

[1] We refer to Celestina Garcia by her first name because she and her sister Leslie share a surname and both are mentioned in the Court's discussion of the events leading up to Celestina's prosecution. In addition, the investigating officer's name is also Garcia and we refer to him by his title to avoid confusion.

violation of subsection 37.09(d)(1).   TEX. PENAL CODE. ANN. § 37.09 (West, Westlaw through 2017 1st C.S.).   Celestina complains in three issues that the evidence is insufficient to find that she concealed evidence, that she knew the offense of possession of marijuana had been committed, and that she had the requisite intent.   We affirm.

## I.   BACKGROUND

Celestina was charged with concealing evidence with intent to make the evidence unavailable for use in subsequent investigations or proceedings.[2]   *Id.*   According to Officer Andreas Garcia of the Victoria Police Department, he stopped Celestina on April 23, 2016 around 9 p.m. because one of the rear license plate lights on the Mustang she was driving did not work.   Leslie Garcia, Celestina's sister, was in the front passenger seat.   When Officer Garcia approached the driver's side window, he noticed Leslie moving around in the passenger seat, which was consistent with someone trying to hide something.   The officer asked Leslie to step outside the vehicle.   Officer Garcia observed a crack pipe fall to the ground.   He then handcuffed Leslie and detained her. Because Celestina was moving around in the driver's seat, Officer Garcia explained to the jury that he believed she too might be trying to hide something.   Officer Garcia asked Celestina to step out of the vehicle.   Once both women were out of the car, Officer Garcia searched the car and found a baggie of marijuana underneath the center console gear-shift lever of the Mustang.   Celestina and Leslie denied knowing the marijuana was in the car.   Officer Garcia placed both women in the rear of his patrol car and later

---

[2] The indictment read in part, "knowing that an offense had been committed, to-wit: possession of marijuana, intentionally and knowingly conceal[ed] evidence: to-wit: marijuana, with intent to impair its availability as evidence in any subsequent investigation or official proceeding related to the offense . . . . "

transported them to the Victoria County Jail.

The next day, Officer Garcia searched his patrol car before beginning his shift and found a baggie of marijuana behind the driver's seat of his patrol car in front of the left rear seat where Celestina had been. Leslie had been in the right rear seat. Officer Garcia determined that during the intervening shift there was no one else in the back seat of that patrol car. He then reviewed the in-car video of the back seat during the time that Celestina and Leslie were in the patrol car which captured photos of a baggie being expelled from Leslie's vaginal cavity. The video also showed the two women moving around with Celestina moving in front of Leslie to retrieve the baggie.

The police car video of the stop and of the rear seat activity was admitted into evidence. The video of the rear seat had audio in which Celestina instructed Leslie, "you have to put it in the very back" and "kick it under there, kick it under there."

Celestina testified at trial that on the night she was arrested, she was driving her mother's car. According to Celestina, approximately ten family members have routine access to the car. Celestina explained that Leslie was a drug user at the time, but Celestina did not think Leslie was using drugs that night until they were pulled over. According to Celestina, Leslie has mental health issues and has been an MHMR patient. Celestina admitted at trial that she used to use drugs but claimed she "got clean" after her daughter was born three years earlier. Celestina further explained that when her sister expelled the baggie from her vaginal cavity, Celestina caught it, and she threw it back at Leslie saying something like, "get this away from me." She told her sister, "kick it over there, put it over there." Celestina claimed she was trying to get away from the

3

drugs because she wanted nothing to do with them. Celestina also admitted to her previous criminal history which included eighteen misdemeanor offenses, for which she served minimal jail time or was sentenced to probation. The videotape and audio of the two women contradict Celestina's version of events.

The jury found Celestina guilty. The jury also decided punishment of eight years' imprisonment in the Texas Department of Criminal Justice—Institutional Division and a $10,000 fine. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Celestina argues that the evidence was insufficient to support the jury's finding that she concealed evidence, that she knew the offense of possession of marijuana had occurred, or that she had the intent to prevent the use of the marijuana found in the car in a subsequent investigation or proceeding.

### A. Standard of Review

The Court applies the sufficiency standard from *Jackson v. Virginia*, which requires the reviewing court to "view[] the evidence in the light most favorable to the prosecution," to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson*, 443 U.S. 307, 319 (1979)) (emphasis in original)); *see also Williams v. State*, No. 03-11-00598-CR, 2013 WL 6921489, at *6 n.10 (Tex. App.—Austin Dec. 31, 2013, pet. ref'd.) (mem. op., not designated for publication). When a reviewing court views the evidence in the light most favorable to the verdict, it "is required to defer to the jury's credibility and weight determinations because the jury is the *sole*

4

judge of the witnesses' credibility and the weight to be given their testimony." *Brooks*, 323 S.W.3d at 899 (emphasis in original). "The reviewing court must give deference to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19). If the record supports conflicting inferences, we presume that the fact finder resolved the conflict in favor of the prosecution and defer to that resolution. *Garcia v. State*, 367 S.W.3d 684, 686–87 (Tex. Crim. App. 2012); *Brooks*, 323 S.W.3d at 899. "[S]ufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case." *Garcia*, 367 S.W.3d at 687 (citing. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

"Under [the *Jackson*] standard, evidence may be legally insufficient when the record contains either no evidence of an essential element, merely a modicum of evidence of one element, or if it conclusively establishes a reasonable doubt." *Britain v. State*, 412 S.W.3d 518, 520 (Tex. Crim. App. 2013) (citing *Jackson*, 443 U.S. at 320). If an appellate court finds the evidence insufficient under this standard, it must reverse the judgment and enter an order of acquittal. *See Tibbs v. Florida*, 457 U.S. 31, 41 (1982); *Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012); *Estrella v. State*, 546 S.W.3d 789, 797 (Tex. App.—Houston [1st Dist.] 2018, pet. filed).

**B.    Elements of Tampering**

A person commits an offense under subsection 37.09(d)(1) of the penal code if the person:   (1) knowing that an offense has been committed, (2) alters, destroys, or

5

conceals (3) any record, document, or thing (4) with intent to impair its verity, legibility, or availability as evidence (5) in any subsequent investigation of or official proceeding related to the offense. TEX. PENAL CODE ANN. § 37.09 (d)(1) (West, Westlaw through 2017 1st C.S.); *see Williams v. State*, 270 S.W.3d 140, 142 (Tex. Crim. App. 2008). "We have recognized that the statute contains at least two different culpable mental states: an actor must know his action would impair the item as evidence and [s]he must act with the intent to impair its availability as evidence." *Stewart v. State*, 240 S.W.3d 872, 873–74 (Tex. Crim. App. 2007).

### C.   Concealment

Celestina's first issue challenges the sufficiency of the evidence of concealment. Officer Garcia found the baggie of marijuana on the floor of the patrol car behind the driver's seat when he started his shift at 7:00 p.m. the night after he arrested the Garcia sisters.

Celestina relies in part on *Stahmann v. State* in which the court of appeals held the evidence was insufficient to support the element of concealment where the defendant tossed a prescription pill bottle out of his car, over a cyclone-fence, and the bottle landed on top of the grass where it was visible to the officer. 548 S.W.3d 46, 55 (Tex. App.—Corpus Christi 2018, pet. filed). In *Stahmann*, the appeals court noted that "'conceal' is generally understood as to hide, to remove from sight or notice, or to keep from discovery or observation.'" *Id.* "There was no evidence from which a juror could have reasonably inferred that the pill bottle was ever hidden, removed from sight or notice, or kept from discovery or observation." *Id.* at 56 (citing *Thornton v. State*, 401 S.W.3d 395, 398 (Tex.

6

App.—Amarillo 2013), *rev'd on other grounds*, 425 S.W.3d 289 (Tex. Crim. App 2014); *see also Villarreal v. State*, No. 13-15-00014-CR, 2016 WL 8919852, at \*5 (Tex. App.—Corpus Christi Dec. 8, 2016, no pet.) (mem. op., not designated for publication) (holding that evidence of concealment was insufficient where defendant tossed a pill bottle out of his pocket and underneath a car while being pursued by a loss prevention officer); *but see Hines v. State*, 535 S.W.3d 102 (Tex. App.—Eastland 2017, pet. ref'd); *Stuart v. State*, No. 03-15-00536-CR, 2017 WL 2536863, at \*4 (Tex. App.—Austin June 7, 2017, no pet.) (mem. op., not designated for publication); *Evanoff v. State*, No. 11-09-0037-CR, 2011 WL 1431520, at \*5 (Tex. App.—Eastland 2011, pet. ref'd) (mem. op., not designated for publication) (holding that defendant who swept baggies of cocaine off the trunk of his car and dropped them under the car constituted intentional concealment). The *Evanoff* Court further held that Evanoff's unsuccessful attempt to conceal the cocaine did not negate his intent to impair its use as evidence. 2011 WL 1431520, at \*4.

In *Hines*, the defendant removed methamphetamine from his pocket and scattered it in the rear seat of the patrol car while hand-cuffed and seat belted. 535 S.W.3d at 111. The drugs were only discovered after Hines got out of the patrol car. The court of appeals held that the evidence of concealment was sufficient. *Id.*

Similarly, in *Stuart*, the defendant who was sought for stabbing placed knives under a box in a cluttered room. 2017 WL 2536863, at \*4. Although the officers found the knives during their search, they had to move the box to see them. *Id.* The court of appeals held that evidence of concealment was sufficient. *Id.*

7

This case is more like *Hines, Evanoff,* and *Stuart* than it is like *Stahmann* or *Villarreal.* Although the marijuana was ultimately discovered by Officer Garcia, the video established Garcia's intent to conceal the evidence from the investigating officers. We overrule Garcia's first issue on appeal.

### D.     Possession of Marijuana

Celestina complains in her second issue that insufficient evidence supports the jury's finding that she knew of the offense—possession of marijuana. She argues that she did not know Leslie possessed marijuana when they were placed in the patrol car, but that is not the standard. *See Williams*, 270 S.W.3d at 143, 145.

The officers were investigating possession of the marijuana found in the Mustang's console, and it is that possession offense of which Celestina had knowledge. She was handcuffed and placed in the patrol vehicle after Officer Garcia found the baggie of marijuana in the Mustang's console. Moreover, Celestina asked Officer Garcia what they were being charged with and he replied, "the marijuana." At that time, the only marijuana Officer Garcia knew about was the marijuana in the Mustang's console. Because the evidence is sufficient to establish that Celestina knew the officers were investigating the offense of possession of marijuana from the Mustang's console, we overrule Celestina's second issue on appeal.

### E.     Intent to Impair Availability of the Evidence

Finally, in her third issue, Celestina argues the jury's finding that she intended to impair the availability of the evidence (patrol car marijuana) in a subsequent "investigation of or official proceeding related to the offense [the console marijuana]" was not supported

8

by sufficient evidence.  *See* TEX. PENAL CODE ANN. § 37.09(d)(1).  As in *Hines*, the evidence was sufficient to prove intent because the video clearly showed that Celestina instructed Leslie to stuff the marijuana "in the very back" of the patrol car and to "kick it over there."  *See* 535 S.W.3d at 110.  We are required to defer "to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  *Hooper*, 214 S.W.3d at 13.  Accordingly, we overrule Garcia's third issue on appeal.

### III.    CONCLUSION

We affirm the judgment of the trial court.


GINA M. BENAVIDES,
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
13th day of September, 2018.

9